# Howser *v.* Cruikshank.

*Bill in Equity to redeem from Under a Mortgage.*

1. *Mortgage; foreclosure when mortgaged premises have been sold
   after execution of mortgage.*—Where a mortgagor, after the
   execution of a mortgage, conveys a portion of the mortgaged
   property by warranty deed, which contains no reference to
   the existence of the mortgage, the portion of the mortgaged
   property retained by the mortgagor is primarily liable for
   the entire mortgage debt, and must be sold before the portion
   conveyed in the warranty deed can be resorted to; and this
   is true, even though the consideration of the conveyance as
   expressed in the warranty deed was one dollar paid and natu-
   ral love and affection.

2. *Same; same; right of grantee in deed as against second mort-
   gage.*—Where the mortgagor, after the execution of the mort-
   gage, conveys a portion of the mortgaged premises by war-
   ranty deed which contains no reference to the existence of
   the mortgage, but which is duly recorded, and he subsequently
   executes a second mortgage on that part of the premises
   retained by him, the right of the grantee in the warranty deed

[Howser v. Cruikshank.]

to have the portion of the premises retained by the mortgagor sold before resorting to the portion conveyed in the deed, is not thereby affected or destroyed; the second mortgagee acquiring only the right which the mortgagor had.

3. *Same; same ; same.*—Where a mortgagor conveys a portion of the mortgaged property by warranty deed which makes no reference to the existence of the mortgage, and the grantee therein takes possession and records the deed, the mortgagee in a subsequent mortgage of the part retained by the mortgagor, is chargeable with notice that the right of the grantee in the deed to have the portion retained by him first sold to satisfy the mortgage, and the purchase by the second mortgagee of the first mortgage does not affect or destroy the deed, or give to the second mortgagee any greater rights in the premises than those possessed by the mortgagee in the first mortgage.

4. *Redemption; right of grantee of mortgaged premises to redeem from under mortgage.*—The grantee in a warranty deed of a portion of the mortgaged premises has the right to redeem from under the mortgage before the foreclosure sale.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed by the appellee, Mary P. Cruikshank, against the appellant, Louis A. Howser. The bill as amended averred the following facts: On December 10, 1884, M. T. Smith and his wife, Mary Smith, executed a mortgage to one Pat Fahey to secure a promissory note for the sum of five hundred dollars made by said M. T. Smith and wife to Pat Fahey on November 1, 1884, and payable one day after date. In this mortgage there was conveyed a certain specifically described parcel of land laid off into lots and situated in Birmingham. Said mortgage contained a power of sale authorizing the mortgagee in default of payment of the note to take possession of the mortgaged premises and sell the same at public out-cry for the satisfaction of said indebtedness. On March 5th, 1889, the said M. T. Smith and wife, Mary Smith, who were the parents of the complainant, executed a deed of bargain and sale to the complainant, conveying to her a portion of the premises previously conveyed in the mortgage to Fahey, the same being known and designated as lot No. 1 in Block No. 621.

I7

This deed was upon the recited consideration of love and affection and upon the further consideration of one dollar, and contained a covenant against incumbrances as well as other customary covenants. Immediately upon the execution of said deed, the complainant went into possession of the lot conveyed therein, and has been in possession ever since, claiming the same as her own under said deed. Said deed was filed for record in the office of probate judge of Jefferson county on April 28, 1891, and was duly recorded. Subsequent to January 1, 1892, Pat Fahey assigned and transferred the note and mortgage of M. T. Smith and Mary Smith to him, to Louis A. Howser, the appellant, who now owns and holds said mortgage, and is threatening to foreclose the mortgage by selling the whole premises conveyed therein, for the payment of the balance due upon said note and mortgage.

After the execution by M. T. Smith and his wife of the deed of conveyance to the complainant, the said M. T. Smith and his wife executed a mortgage to Louis A. Howser conveying therein all of the property included in the mortgage to Fahey, except the lot conveyed to the complainant. Subsequently Louis A. Howser foreclosed this mortgage given to him, and became the purchaser of said property, and is now the owner thereof, by virtue of the foreclosure of said mortgage.

The complainant then avers in the amended bill, that Louis A. Howser purchased the said mortgage from Pat Fahey, and "is now using the same or attempting to use it for the purpose of compelling complainant to contribute towards the payment of said prior mortgage debts, although the complainant is advised, and so avers, that said first mortgage is primarily a lien on that portion of the property which is not conveyed to the complainant." The complainant then avers that the residue of the block of land conveyed in the mortgage to Fahey, excluding the lot conveyed to her, is worth largely more than the balance due on said mortgage, and that the same should be subjected to the payment of said mortgage debt before recourse is had to the property of the complainant. The complainant in her bill offers to redeem by paying the balance due on said mortgage and

[Howser v. Cruikshank.]

submits herself to the orders of the court. L. A. Howser is made a party defendant to the bill, and the prayer is that a decree be rendered declaring the complainant entitled to redeem the said mortgage from the said Louis A. Howser, and in any event that said Howser be compelled to resort first to the property conveyed by said mortgage other than the lot conveyed to complainant, that he be restrained from resorting to said lot of complainant unless it should become necessary to do so to obtain satisfaction of said mortgage indebtedness. There was also a prayer for general relief. To this bill, as amended, the defendant demurred, upon the following grounds: 1. Said bill does not show that the complainant is a junior lien holder, and, therefore, she has not the right to a marshalling of the assets of the debtor. 2. Because the bill shows on its face that the complainant became the owner of said lot No. 1 in Block No. 621 after the execution of the mortgage named in the bill; and, therefore, took the deed subject to all the burdens resting on the real estate covered by the same. 3. Because the bill shows on its face that the complainant was not a *bona fide* purchaser for value. 4. Because the bill shows on its face that the only right the complainant has, is to pay off the defendant's mortgage and become subrogated to his rights. 5. Because the bill shows on its face that complainant comes too late in seeking to have the defendant resort to other property than complainant's real estate, it appearing from the bill that said other property has already been sold. 6. Because there is no equity in the bill, no reason being shown for the interposition of a court of equity.

Upon the submission of the cause upon the demurrers, the chancellor rendered a decree overruling them. From this decree the defendant appeals and assigns the rendition thereof as error.

LANE & WHITE, for appellant.—The bill shows on its face that complainant holds her lot not as a purchaser for value, but by a deed of gift.—*Houston v. Blackman,* 66 Ala. 559.

Complainant's deed being purely voluntary, she stands in no better position than the grantor himself

would stand if the title were still in him; and if the title were still in him, of course, the lot would have to stand first the burden of the incumbrance.—*Prickett & Maddox v. Sibert,* 75 Ala. 315. It can make no difference that there is a warranty clause in the deed; because it was not binding, as there was no consideration for it. The doctrine of contribution and exoneration prevails only where the equities are equal. Before a party can invoke this equity, he must show that he stands upon a footing of equality with him whom he asks to share his burden or to assume the burden altogether.—Pomeroy's Equity Jur. § 1222.

The doctrine of exoneration is closely akin to that of marshalling assets; and this latter can never be invoked when it will trench upon the lien holder's rights or operate to his prejudice—*Gusdorf v. Ikelheimer,* 75 Ala. 153.

Now this doctrine of contribution and exoneration is based in a case like the present upon a warranty of the grantor that he will protect the grantee against the mortgage.—*Niles v. Harmon,* 80 Ill. 399; *Cheever v. Fair,* 5 Cal. 337.

CABANISS & WEAKLEY, *contra.*—1. Whenever the mortgagor conveys a portion of the land, subject to the mortgage, by warranty deed and retains the residue of the lands in his own hands, that portion of the lands retained by the mortgagor becomes, as between himself and his grantee, at all events, the fund primarily liable for the whole mortgage debt.—*Pom. Eq. Jur.,* § 1224; *Farmers &c. Assn. v. Kent,* 117 Ala. 624; *Prickett v. Sibert,* 75 Ala. 315; *Dugger v. Tayloe,* 60 Ib. 504.

2. And in such a case the mortgagee may be compelled, on bill filed, to sell first such part as may have been retained by the mortgagor or subsequently alienated by him.—*Farmers &c. Assn. v. Kent,* 117 Ala. 624; 2 Jones on Mortg. § 1620; Pom. Eq. Jur. § 1224, n. 1.

3. The rule applies even though the consideration for the conveyance is natural love and affection, where the form of the conveyance is such as to show that it was the intention of the grantor to convey the property discharged of incumbrance.—Pom. Eq. §1225; *Hanson v. Buckner* (Ky.) 29 Am. Dec. 401; 6 Am. & Eng. Enc.

Law (2 ed.) 702, n. 5; *Hartley v. O'Flarity, Lloyd & Goold Cases,* Temp. Plunket, 216.

5.   Any person who holds a legal estate in the mortgaged premises or in any part thereof, derived through or under or in privity with the mortgagor, may redeem from the mortgagee.—Pomp. Eq. Jur. §1220; *Butts v. Broughton,* 72 Ala. 294; *Davis v. Cook,* 65 *Ib.* 617.

TYSON, J.—Unless the case made by the original and amended bills can be differentiated upon principle from the case of *The Farmers Savings and Building and Loan Asociation v. Kent & Sabotka,* 117 Ala. 624, in which this court distinctly and clearly recognized the doctrine that where a mortgagor after the execution of the mortgage, conveys different parcels of the mortgaged property to different persons at different times, by warranty deeds which contain no reference to the existence of the mortgage, the portion of such premises retained by the mortgagor is primarily liable for the whole of the mortgage debt, and must be first sold to satisfy the mortgage; and if this portion proves insufficient, resort may be then had to the parcels conveyed, by selling them in the inverse order of their alienation, there was no error in the decree overruling the demurrers to the bill.

The two facts relied upon by appellant to relieve this case from the influence of this doctrine, are, first, that the complainant acquired title to a portion of the premises under a warranty deed from the mortgagor, who was her father, reciting a consideration of one dollar paid and natural love and affection; second, that respondent acquired title to the remaining portion of the premises by mortgage from the original owner, subsequently to the making of the deed to the complainant, which had been foreclosed before the filing of the bill.—Pomeroy, 3 vol., section 1225, in speaking of this doctrine says: "It is purely of equitable origin, and is not an absolute rule of law; and if the peculiar equitable reasons upon which it rests are wanting, it ceases to operate. Whether it does or does not apply to any particular case may be certainly determined by a careful consideration of the following principles. The doctrine in its full

scope and operation primarily depends upon the relation
subsisting between the mortgagor or other owner of the
entire mortgaged premises, and his grantee of a parcel of
the land. This relation, in turn, results from the form of
conveyance, which being a warranty deed, or equivalent
to a warranty, shows *conclusively* an intention between
the two that the grantor is to assume the whole burden
of the incumbrance as a charge upon his own parcel
while the grantee is to take and hold his portion entirely
free."

Testing the deed under which the complainant claims
by this principle, let us see, if it is of that character as
shows conclusively an intention of the grantor to assume
the whole of the burden of the mortgage primarily exe-
cuted by him as a charge upon his portion and complain-
ant to take and hold her portion free from the mortgage
lien. The deed is one of bargain and sale, and covenants
with the grantee, that the grantor is seized in fee-
simple in the premises, and that they are free from *all*
encumbrances, and that the grantor has a good right to
sell and convey the same, and binds him, his heirs, exe-
cutors and administrators to warrant and defend the
title to the land conveyed to complainant, her heirs, etc.,
against the lawful claims of all persons. The consid-
eration recited, as stated above, is for natural love and
affection and the sum of one dollar, and this is the
infirmity pointed out by appellant's counsel and insisted
upon which destroys the effects of the covenant and war-
ranty clauses of said deed and deprives it of the charac-
ter which impresses conveyances under which this equit-
able doctrine can be invoked. It will be observed that
the whole doctrine rests upon the intention of the parties
to be gathered from the entire instrument or conveyance.
That the consideration expressed in this deed will sup-
port it *inter sese* and their privies as a conveyance can
hardly be denied. In *Houston v. Blackman*, 66 Ala. 559,
it is said: "In deeds of bargain and sale, the expression
of any, the slightest consideration—for instance a
pepper corn even—will support them as between the par-
ties. The only use and operation of the expression of a
consideration or the introduction of a section of a clause
reciting a consideration, is to prevent a resulting trust

[Howser v. Cruikshank.]

to the grantor, and to estop him from denying the making and effect of the deed for the uses therein declared." And that the grantee could maintain an action for a breach of warranty against the grantor, in the event of a breach, is also indisputable.—8 Am. & Eng. Ency. Law (2nd ed.) 173; *Walker v. Crews,* 73 Ala. 412; 2 Devlin on Deeds, § 810. The measure of her recovery for such a breach is not, in our opinion, the test by which the question under consideration is to be determined. It would seem, that from the plain words of the deed, that complainant has a right to invoke this equity of exoneration, unless there is some impediment arising out of the relations of the respondent to the transaction rendering it inequitable for her to do so. Does the fact that the respondent became the owner of the first mortgage by transfer and assignment after complainant acquired the deed and subsequently to the execution of the deed, her grantor executed to the respondent a mortgage upon the residue of the lands to the respondent which he has foreclosed, in any manner impair her equity? It is against the holder of the first mortgage that this equity exists, and by what process of reasoning it may be said to be cut off by the second mortgage of a portion of the premises acquiring the title of the first mortgagee, we are unable to perceive. She was in no sense a party to the assignment or in any wise interested in it: It was a matter of indifference to her who was the owner of the first mortgage, and of no consequence to her who held it. As to the rights of the respondent under the mortgage made to him upon the residue of the property, he acquired no greater rights than he would have acquired under a deed from the mortgagor. By this mortgage the mortgagor conveyed his equity of redemption subject to all equities between him and complainant of which respondent had notice either actual or constructive. The complainant being at the time in the possession of the land conveyed to her, and the deed under which she held then being of record, the respondent had notice of her equity when he took the mortgage. 3 Pomeroy Eq. Jur., § 1225, and note; *Northwestern Land Association v. Harris,* 114 Ala. 468; 2 Jones on Mortgages (5th ed.), § 1620; 2 Leading Cas. in Eq. 297.

Having notice of complainant's equity when he took the mortgage, and when he purchased the property at the foreclosure sale, under the power therein, the rights acquired by him were subject to the right of the complainant to have the land sold in the inverse order of its alienation.—*Farmers Sav. & B. & L. Asso. v. Kent & Sabotka,* 117 Ala. 624, *supra; Burton v. Henry,* 90 Ala. 281; *Aderholt v. Henry,* 87 Ala. 415; *Prickett & Maddox v. Sibert,* 75 Ala. 315; *M. M. D. & M. Ins. Co. v. Huder,* 35 Ala. 713; *M. & P. Bank v. Dundas,* 10 Ala. 661; 2 Pomeroy Eq. Jur. § 1224; 2 Jones on Mortgages, § 1620.

Complainant in her bill prays to redeem before foreclosure the lands conveyed by the first mortgage now owned by the respondent. This she has a right to do, having acquired an estate in a part of the mortgaged premises by deed from the mortgagor.—*Butts v. Broughton,* 72 Ala. 294; 2 Jones on Mortgages (5th ed.), § 1055; 3 Pomeroy Eq. Jur., § 1220; *Jones v. Matkin,* 118 Ala. 341.

The decree overruling the demurrer is affirmed.