232 So.2d 601

**Voncile G. TAYLOR et al.**

v.

**Claude M. JONES.**

**1 Div. 608.**

Supreme Court of Alabama.

Feb. 26, 1970.

Rehearing Denied March 26, 1970.

Fred Blanton, Birmingham, for appellants.

Adams, Gillmore & Adams, Grove Hill, for appellee.

McCALL, Justice.

The related case between these same parties can be found in Taylor v. Jones, 280 Ala. 329, 194 So.2d 80.

The appellants, Voncile G. Taylor, and her husband, Albert J. Taylor, filed a bill in the Circuit Court of Clarke County, Alabama, in equity, for a declaration of their rights under a mortgage, to hold null and void a written instrument executed by the appellee purporting to release from the operation of said mortgage the undivided one-half interest owned by the appellee, to enjoin the mortgage foreclosure by the appellee, Claude M. Jones, and to allow the appellants to redeem therefrom.

Substantially, the facts are that Walter Fox, the now deceased father of the appellant, Mrs. Taylor, heretofore owned some fifty-six acres of land in Clarke County, Alabama. On February 17, 1958, he and his wife, Rebecca, executed and delivered a mortgage conveying this land to Jackson Bank and Trust Company, hereinafter referred to as the Bank, to secure a loan of $629 made to Walter Fox. This was evidenced by a promissory note signed by Walter and Rebecca Fox. The debt so secured was set up on the books of the Bank as the debt of Walter Fox. Thereafter on October 13, 1959, Fox conveyed an undivided one-half interest in the mortgaged land to his wife, Rebecca, covenanting in the deed, which was recorded the same day, that he was seized of an indefeasible estate in fee simple in and to the land, that the land was free from any and all liens and encumbrances, that he had a good right to sell and convey the same, that he would forever warrant and defend the title unto his wife, her heirs and assigns, against the lawful claims of all persons, whomsoever. This deed contained no reference to the Bank's mortgage. The consideration recited in the deed is the sum of one dollar and other good and valuable consideration. Rebecca Fox subsequently, on October 28, 1960, deeded this undivided one-half interest of hers to the appellee, Jones, for a recited consideration of one dollar and other good and valuable consideration. In this deed, which was recorded May 31, 1961, she covenanted with Jones, without mention of the Bank's mortgage, that she was seized in fee simple in and to the land conveyed, that she had a good right to sell and convey it, that she warranted the title and agreed to defend it against the lawful claims of all persons, whomsoever. To save his undivided one-half interest from mortgage foreclosure, Jones purchased from the Bank, on October 31, 1960, the mortgage and note for $529.50, which was the then amount of the mortgage debt, and obtained their delivery. Later the Bank executed a written instrument transferring and assigning said mortgage and note to Jones. In the meantime, Walter Fox, the mortgagor, had died on

June 9, 1960, without paying the mortgage debt. He left a last will and testament whereby he devised to his wife, Rebecca, "a home on my estate until her decease," and all the rest and residue of his property, real and personal, that he had a right to dispose of, he devised and bequeathed to the appellants.

The appellants, who claim under Fox's will, contend that the contribution for which their undivided interest in the land is liable is one-half of the mortgage indebtedness that Jones paid to the Bank, because a cotenant cannot buy an outstanding adversary claim to the common estate and assert it for his exclusive benefit to the injury or prejudice of his co-owners. The appellants cite in their brief as authority, the following cases, Randolph v. Vails, 180 Ala. 82, 60 So. 159; Gilb v. O'Neill, 225 Ala. 92, 142 So. 397, 85 A.L.R. 1526; Smith v. Smith, 266 Ala. 118, 94 So.2d 863; Taylor v. Jones, 280 Ala. 329, 194 So.2d 80; Draper v. Sewell, 263 Ala. 250, 82 So.2d 303; and Markstein v. Schilleci, 258 Ala. 68, 61 So.2d 75.

These cases are apropos only to the limited extent that the equitable principle there asserted, is here involved. Each holds approvingly what is said in Gilb v. O'Neill, supra, as follows:

"* * * '* * * generally a purchase by a cotenant of an outstanding title being presumed to be for the benefit of all parties in interest is not void, passing title subject to the rights of other cotenants. But one tenant in common will not be permitted to inequitably acquire title to the common property, solely for his own benefit or to the exclusion of his cotenants, the general rule being that the purchase or extinguishment of an outstanding title to, encumbrance upon, or claim against the common property by one tenant in common inures to the benefit of all the co-owners, who may within a reasonable time elect to avail themselves of the benefit of the purchase of the outstanding interest or conflicting claim or the removal of the encumbrance from the common property.' "

Jones contends first, that Mrs. Fox acquired her title under a deed with full covenants of warranty, executed by the mortgagor, who was her husband, for a recited consideration, which was adequate, and that the covenants in this form of conveyance showed an intention by the two parties that the mortgagor was to assume the burden of the whole mortgage debt which would constitute a primary charge upon his individual interest, solely, while Mrs. Fox was to take and hold hers entirely free from the mortgage lien. Thus the appellee first invokes the so called equitable doctrine of exoneration; and, having done so, he argues secondly, that since he, as a cotenant with appellants, has had to pay the mortgage debt, which ought to have been paid by Fox, in order to save the whole property, including his own half interest, against mortgage foreclosure by the Bank, he has a lien against the undivided one-half interest devised to appellants by Walter Fox for the full amount of what he paid.

As to appellee's first contention, we would point out that there is a statute which, while it deals with executions and judgments, at the same time, it expresses the principle of law here involved. Tit. 7, § 543, Code of Alabama, 1940, provides:

"When property is subject to a lien and part of it is sold by the debtor, the part remaining in him should be first applied to the payment of the lien. If the property subject to such lien is sold in several parcels at different times, the parcels should be charged in the inverse order of their alienation."

We agree that this is a case which comes within the influence of the equitable doctrine of exoneration as this principle is referred to in the case of Howser v.

Cruikshank, 122 Ala. 256, 25 So. 206. That doctrine is stated in Pomeroy's Equity Jurisprudence, Vol. 4, 5th Ed., § 1224, p. 666, as follows:

"* * * Whenever the mortgagor conveys a portion of the land 'subject to' a mortgage by a warranty deed, and retains the residue of the land in his own hands, that portion of the land retained by the mortgagor becomes, as between himself and his grantee at all events, the fund primarily liable for the whole mortgage debt. The form of the deed shows that the grantee not only assumed payment of no portion of the mortgage debt, but did not buy his parcel even subject to the mortgage; and the entire burden was therefore left upon the portion of land remaining in the ownership of the mortgagor. Whatever be the rights of the mortgagee to resort to either or both of the parcels, it is plainly the equitable duty of the mortgagor to assume the whole debt, and thus to free the grantee's parcel from the lien. If, therefore, the mortgagor pays off the mortgage, its lien is ended (see §§ 797, 1205), and he can claim no contribution from the grantee; if, on the other hand, the grantee redeems, he is entitled to keep the lien alive for the purpose of enforcing an exoneration by the mortgagor, at least to the extent of the value of the premises remaining in the mortgagor's hands and subject to the encumbrance. This view of the equities subsisting between the mortgagor and his own grantee seems to be universally adopted. [Citing Interstate Land & Investment Co. v. Logan, 196 Ala. 196, 72 So. 36]

"The doctrine being thus established that the grantee obtains an equitable priority as against the mortgagor, and the portion of the mortgaged premises left in the mortgagor's hands is primarily chargeable with the whole mortgage, the inference is natural, even if not necessary, that the same burden follows this portion, when subsequently conveyed by the mortgagor to a second grantee. If the mortgagor conveys one half of the mortgaged premises by a warranty deed to A, his own half is equitably charged with the entire debt, and A has as against him the priority. When the mortgagor afterwards conveys his half by a similar deed to B, that transaction cannot affect A's preexisting priority, with respect to the parcel thus conveyed as the primary fund for payment, and B cannot acquire any higher equities than those possessed by his immediate grantor; he succeeds to the exact position of the mortgagor towards the first grantee, A. As between the two grantees, therefore, the parcel conveyed to the second grantee, B, is primarily liable for the whole mortgage debt; he can claim no contribution from A, but on the other hand, A may be entitled to exoneration against the portion held by him."

See also Interstate Land & Investment Co. v. Logan, 196 Ala. 196, 72 So. 36; Howser v. Cruikshank, 122 Ala. 256, 25 So. 206; Farmers' Savings & Building & Loan Ass'n v. Kent, 117 Ala. 624, 23 So. 757; Scheuer v. Kelly, 121 Ala. 323, 26 So. 4.

The appellants have not argued against the application of this doctrine. They simply say that since the appellee and they are tenants in common, the appellee will not be permitted to inequitably acquire title to the common property, solely for his own benefit or to the exclusion of his cotenants. This rule of law is correctly stated by the appellants with supporting authority cited above, but its application alone to the present case would inequitably deny the appellee repayment of money to which he is entitled and which he spent in protecting the common property against a mortgage foreclosure to satisfy a debt, the sole obligation of Walter Fox, the appellants' predecessor in ownership. In Howser v. Cruikshank, 122 Ala. 256, 25 So. 206, the court said this with respect to the application of this equitable doctrine:

" '* * * Whether it does or does not apply to any particular case may be certainly determined by a careful consideration of the following principles: The doctrine, in its full scope and operation, primarily depends upon the relation subsisting between the mortgagor or other owner of the entire mortgaged premises and his grantee of a parcel of the land. This relation, in turn, results from the form of conveyance, which, being a warranty deed, or equivalent to a warranty, shows conclusively an intention between the two that the grantor is to assume the whole burden of the incumbrance, as a charge upon his own parcel, while the grantee is to take and hold his portion entirely free.' "

It is true that the grantee not only knew about the existing mortgage to the Bank, she joined in its execution, presumably though, only to release her dower and homestead rights as the wife of the mortgagor, because she had no other interest in the land to convey to the mortgagee Bank. Also the loan was made to the mortgagor solely. The deed from her husband, the mortgagor, to her was one of bargain and sale containing full covenants of warranty, among which are that the land is free and clear from all encumbrances, and another that binds the grantor, his heirs and assigns, to warrant and defend the title to the land conveyed to Rebecca. It has been said that the whole equitable doctrine of exoneration rests upon the intention of the parties to be gathered from the entire instrument or conveyance. Pomeroy's Equity Jurisprudence, Vol. 4, 5th Ed., § 1225, p. 672; Interstate Land & Investment Co. v. Logan, 196 Ala. 196, 72 So. 36. We think that the plain language of this deed shows that the grantor's intent was to convey his wife an unencumbered estate. Howser v. Cruikshank, supra.

The consideration expressed in the deeds from Walter Fox to Rebecca Fox, and from her to Jones, respectively, is stated to be the sum of one dollar and other good and valuable consideration. This is sufficient to support these conveyances. Howser v. Cruikshank, 122 Ala. 256, 262, 25 So. 206; Houston v. Blackman, 66 Ala. 559.

The doctrine under consideration has been applied in cases, as here, where undivided interests in land subject to a paramount encumbrance are conveyed, instead of different parcels in such land. Annot., 131 A.L.R. 4, p. 76; Jennings v. Moon, 135 Ind. 168, 34 N.E. 996; Clark v. Wallick, 56 Ill.App. 30. In Jennings v. Moon, supra, the court held that where owners of land, subject to mechanics' liens conveyed one undivided half interest in the land under a warranty deed, and thereafter, they conveyed the other one-half to another grantee, the obligation to pay the mechanics' liens on all the land rests on the undivided half conveyed last, and the other half can only be sold in the event the half primarily liable is not sufficient to discharge the mechanics' liens.

When Jones acquired Mrs. Fox's undivided one-half interest in the mortgaged land by warranty deed, he became a cotenant with the appellants. The conveyance placed the grantee, Jones, in the same position that his grantor, Rebecca Fox, had previously occupied, he, having the same rights, and subject to the same obligations, as his grantor, Rebecca Fox. O'Neal v. Cooper, 191 Ala. 182, 67 So. 689; Moore v. Foshee, 251 Ala. 489, 38 So.2d 10; 86 C.J. S. Tenancy in Common § 120, p. 531 et seq.; Freeman on Cotenancy and Partition, 2d Ed., § 194, p. 270. Then upon Jones' paying off the entire mortgage debt on the common property, it inured to the benefit of all the cotenants, provided the appellants, within a reasonable time, should elect to avail themselves of the purchase by repaying the appellee the full amount of the debt.

Jones as the cotenant who paid off the mortgage on the common property, is considered the equitable assignee of the mortgage lien, as well as being, in fact, the legal assignee thereof from the Bank. He

is entitled to keep his lien against appellants' undivided one-half interest alive for the purpose of enforcing a refund of his payment of the mortgage debt, at least to the extent of the value of the encumbered undivided one-half interest. As the redeeming cotenant, the appellee is considered the assignee of the mortgage, and stands in the place of the mortgagee in relation to the undivided one-half interest left in the mortgagor's hands. Salter v. Odom, 240 Ala. 462, 199 So. 687; Draper v. Sewell, 263 Ala. 250, 82 So.2d 303. He may proceed therefore to foreclose the said mortgage solely as to the undivided one-half interest in the real property described in the mortgage, which Walter Fox owned at the time of his death, and which is now claimed by the appellants, in order to satisfy his indebtedness. Equity affords him this right irrespective of his purported written release, or the attempted release by him of his undivided one-half interest from the mortgage.

The decree of the circuit court, in equity, is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.