The defendant appeals from summary judgment against her on her counterclaim, and from a final judgment after a hearing on the merits. We affirm.
Plaintiff, Billy J. Ray, brought a suit to quiet title to one acre of land located in Cullman County, naming Hellon Reed as defendant. In his complaint he alleged that he derived title through a deed from Ernest C. Reed to himself and Timothy McMeans, dated February 2, 1977, and a subsequent deed from McMeans and wife to himself, dated March 9, 1977. He further alleged that his grantor in the first deed, Ernest C. Reed, acquired title from Mrs. Hellon McCullers Reed by deed dated May 6, 1969. Plaintiff then alleged that defendant, Hellon Reed, claimed an interest in the land under a quitclaim deed from the same Ernest C. Reed to Hellon Reed, dated June 21, 1977, but that that deed was not legal because the grantor Reed had no interest in the land to convey, having previously conveyed his interest to plaintiff.
Defendant Hellon Reed filed her answer and counterclaim in due course. She admitted the allegations of paragraph 1 of the complaint and denied the allegations of paragraphs 3, 4 and 5 (neither admitting nor denying those of paragraph 2 which described the land and traced title in plaintiff through the deeds of Ernest Reed and McMeans) and then counterclaimed against plaintiff Ray.
In her counterclaim she alleged her former marriage to Ernest C. Reed and her conveyance of this land to him without consideration; that she derived title through her parents' estates, and had paid $100.00 on February 6, 1960 to her father and mother for the property; that she paid the taxes on the property from 1961 through 1977; that her house trailer had been on the property and she had been in possession of the property "during all this period of time."
Then she alleged that on December 3, 1976 she had filed a suit for a divorce from Ernest C. Reed in Jefferson County, and that while that suit was pending the plaintiff Ray, "with full knowledge of all the facts and circumstances, conspired with Ernest C. Reed, Sr. to purchase said property and did attempt to purchase the property *Page 816 
on February 2, 1977. . . ." She further alleged that on May 9, 1977 she was granted a divorce from Reed; that the divorce decree ordered Reed to convey the property in question to her, and that he had done so. She also alleged that plaintiff Ray "conspired willfully, maliciously and wrongfully with Ernest C. Reed in an attempt to acquire the property . . ." causing her "great physical and mental anguish."
Plaintiff Ray answered the defendant's counterclaim by admitting the former marriage of the defendant to Reed and her conveyance of the property to Reed in 1969; he denied all other allegations. Ray also moved to have Reed joined as a party defendant by virtue of the allegations of conspiracy between himself and Reed. This motion was granted. From the record it is apparent that there was no compliance with the trial court's order of joinder.
On November 19, 1980 plaintiff moved for summary judgment on the defendant's counterclaim and offered an affidavit and defendant's deposition in support of this motion. The motion was set for a hearing on February 5, 1981, the attorneys having been notified by mail on January 22, 1981. The defendant appeared at this hearing without her counsel, but with an affidavit of the defendant styled "Affidavit in Support of Motion for Summary Judgment." This affidavit essentially recited the allegations of the defendant's counterclaim. At this hearing on the plaintiff's summary judgment motion both the trial court and plaintiff's counsel examined defendant to determine the existence of any new evidence in support of her counterclaim since her deposition was taken the preceding October. At the conclusion of this hearing the trial court entered summary judgment against the defendant's counterclaim.
That judgment was correct. Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Gray v. WALA-TV, Ala., 384 So.2d 1062 (1980); Rule 56, ARCP.
The essential contentions of the defendant's counterclaim are: (1) that her deed of the property in question to her husband was void because it was without consideration; (2) that she had paid taxes on the land from 1961 through 1977 and had been in possession of it during that period of time; and (3) that the plaintiff, Ray, had conspired with her husband to purchase the property.
(1) The deed from Mrs. Reed to her husband, Ernest Reed, recites a consideration of "Ten ($10.00) Dollars and of other good and valuable considerations, to the undersigned grantor . . . in hand paid . . . the receipt whereof is hereby acknowledged. . . ." In her deposition Mrs. Reed testified that she did not receive any money but that she relied upon Mr. Reed's promise to pay her later. As a matter of law the recited consideration was sufficient to support this conveyance from wife to husband. Taylor v. Jones, 285 Ala. 353, 232 So.2d 601
(1970), and the failure to pay the recited consideration is not a sufficient ground for canceling a deed. Williamson v.Matthews, Ala., 379 So.2d 1245 (1980).
(2) The defendant's pleadings do not clearly allege title in her by adverse possession, but if that were her contention it also would fail through her own deposition. Mrs. Reed testified that she paid the taxes on the property from 1960 to 1978, but she conveyed the property to Mr. Reed in 1969. Both she and her husband lived on the property in 1969, and thereafter, living at another place, they visited it jointly on occasional weekends, and in 1977 they together leased the property to Mrs. Reed's daughter who vacated it in 1977.
Payment of taxes alone is not dispositive on the question whether an occupant of land is holding adversely. Calhoun v.Smith, Ala., 387 So.2d 821 (1980). There must also be adverse actual possession, an occupancy that is clear, definite, positive, notorious, continuous, adverse and exclusive for the requisite period under claim of right. Hagan v. Crowley,265 Ala. 291, 90 So.2d 760 (1956). The facts recited by Mrs. Reed simply do not establish any legally adverse holding against him since the deed to him in 1969 which would in law amount to adverse possession. *Page 817 
(3) Insofar as the conspiracy allegation between her husband and plaintiff Ray, Mrs. Reed adduced no facts herself or any from other witnesses establishing any such conspiracy. She testified that after the conveyance from her husband to Ray, her husband called her and told her he had sold her house and got $400.00 for it:
A That's all he said.
 Q He didn't tell you that he told Mr. Ray that you had a divorce pending when he sold the property?
A I didn't ask him.
Q You didn't ask him and he didn't say it?
A No.
These answers clearly negated Mrs. Reed's allegations of paragraph (3) of her counterclaim that Ray, knowing of her pending divorce, conspired with her husband to purchase the property.
The plaintiff's motion for summary judgment was supported by defendant's own deposition. The defendant failed to offer any countering evidentiary material. Accordingly, summary judgment for the plaintiff on the defendant's counterclaim was properly entered. Ray v. Midfield Park, Inc., 293 Ala. 609,308 So.2d 686 (1975).
The case was tried before the trial court ore tenus. The evidence adduced that Mr. and Mrs. Reed lived on the property in part of 1969 but resided at Pinson after that, occasionally visiting the property on weekends until they separated in November 1976. After that Mrs. Reed's daughter lived on the property in February 1977 until shortly after Ray purchased it at that time, when she moved away. She conveyed the property to her husband on May 6, 1969. Thereafter, on or about February 2, 1977, Ernest Reed offered to sell the property to Ray, representing himself as fee simple owner. Ray questioned Reed about his marital status and was assured that Reed was not married. Ray obtained a quick title check which disclosed the deed from his wife to Reed. After negotiations, Ray purchased the property from Reed for $500.00.
In fact, the parties were not divorced as of the date of that deed, their final decree being rendered on May 9, 1977, some three months later. That decree ordered:
 SIXTH: That the property of the parties located at Hanceville, Alabama, is hereby awarded to plaintiff, and the defendant is hereby ordered to execute a quit claim deed for whatever interest he may have in said property, which said property was formerly owned by plaintiff prior to the marriage of the parties. Said quit claim deed is to be executed by defendant within thirty days from the date hereof.
Reed complied with the order by conveying his interest to Mrs. Reed by quitclaim deed. What was his interest?
Since Mrs. Reed had conveyed the property earlier to her husband by warranty deed, her only interest in the property thereafter was that of an inchoate dower. Code of 1975, §43-5-1. At the time Reed conveyed the property to Ray, even had Ray known of the pending divorce, which knowledge he denied, still Reed could have conveyed the property to Ray subject to Mrs. Reed's dower interest. The final judgment of divorce, however, terminated that dower interest. Code of 1975, § 43-5-4. Consequently, she had no interest in the land following the divorce. And having conveyed his interest in the land to Ray, Reed had no interest in the land when he executed his quitclaim deed to Mrs. Reed in June 1977, thus she could prove no interest in the land from that conveyance.
Our examination of the record discloses ample evidence which supports the trial court's judgment confirming the plaintiff's ownership and title to the land. That judgment, therefore, must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur. *Page 818