PER CURIAM.
Appeal by defendant, Center Line Enterprises, Inc. (Center Line)[1] from a decree for plaintiffs in an action for sale of real *1130 property and division of the proceeds. We affirm.
The trial court made findings of fact respecting the various interests represented and the relevant transactions:
“Aroe Washington, one of the original children of Walter Washington and Areo-la Washington, the owners of said real property under deed recorded in Deed Book EE, page 569, Probate Office of Marengo County, Alabama, also secured by deed from Lillie Washington Tensley, his sister (and one of the heirs of Walter Washington, deceased), her undivided Vs interest in said real property in 1951; although there were ten children who survived infancy, one of the ten, Nathaniel Washington, died on November 11, 1946, so that the remaining nine children owned an undivided ½ interest each. Aroe Washington and his wife, Mary Washington, mortgaged said ¾ interest to Institute of Essential Housing on September 11, 1961, by mortgage in Mortgage Book 385, Page 268, said Probate Office; testimony of Mary Washington Taylor in the trial showed that she is the remarried widow of Aroe Washington, deceased; that Aroe Washington died, intestate, in 1971 and that she remarried and moved away from the property in 1972 and never made any claim to the property or possessed same in any way after June, 1972; further testimony developed the fact that the property remained in an abandoned condition until Curtis G. Lockett moved onto the place approximately in 1976 or 1977 and has possessed same since that time; he had contracted to purchase the property from the assignee of the mortgagee, said mortgage having been foreclosed on November 29, 1973, as shown by foreclosure deed recorded in Deed Book 6-U, Page 324, said Probate Office; by deed of April 22, 1980, the Assignee of the original mortgagee conveyed its interest in said property, specified to be a 2/io interest, to said Curtis G. Lockett, by deed in Deed Book 7-J, page 82, said Probate Office and thereafter, by deed of December 22, 1980, recorded in Deed Book 7-K, Page 367, said Probate Office, Curtis G. Lockett conveyed his interest in the property to the Defendant, Center Line Enterprises, Inc,”
Thereafter the trial court decreed that the subject real property be sold at public auction to the highest bidder at a time and under conditions to be outlined later.
The defendant’s claim to the title lies in this: its predecessor in title, Curtis G. Lockett, secured a deed (conveying 2/io interest) describing the property, from the assignee of the company which had purchased it at the foreclosure sale under the mortgage executed by Aroe Washington and his wife. The defendant claimed below and upon appeal that this deed gave its predecessor full title to the property. This contention fails for either of two reasons. First, the very deed on which defendant relies limited the transfer of title to that of a 2/io interest owned by the grantor. Second, although a cotenant (Aroe Washington here) may convey his separate interest, he may not convey, by mortgage or otherwise, a property interest greater than that which he owns. See Crommelin v. Fain, 403 So.2d 177 (Ala.1981), for a discussion of the law on this subject. As the trial court found, the defendant did not present any evidence of its claim to own the entire interest through record title other than the deeds described above.
The defendant also claimed title by adverse possession through the alleged adverse possession of its predecessor, Curtis G. Lockett. The defendant, however, introduced no evidence of adverse possession from the time of the original possession of Aroe Washington. Moreover, the evidence shows that he did not contract to purchase the property until January 24, 1974. This action was filed by the plaintiffs on April 20, 1982, which established as less than 10 years the period for which he claimed to have been in adverse possession. Cf. Reed v. Ray, 409 So.2d 814 (Ala.1982) (adverse actual possession requires occupancy that is clear, definite, positive, notorious, continuous, and exclusive for the requisite period).
There is another reason why the defendant’s claim of adverse possession *1131 must fail. Defendant’s predecessor, Lock-ett, was a cotenant. Although the customary acts of ownership would be sufficient to impute notice of adverse possession to all not claiming in privity with the possessor, that principle does not apply to his tenants in common. The possession of a tenant in common, without more, does not operate ás a disseisin of his cotenants, because in law he is looked upon as holding for them. Kidd v. Borum, 181 Ala. 144, 61 So. 100 (1913):
“To operate as a disseisin in such case there must be a repudiation of the rights of cotenants and a claim of exclusive ownership brought home to their knowledge; that is, there must be positive information of the facts, however informally communicated or acquired....” 181 Ala. at 160, 61 So. at 105.
There was no evidence adduced to satisfy this requirement.
Upon the record, this Court cannot conclude that the decree of the trial court, after an ore tenus hearing, was incorrect. That decree, accordingly, must be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.

. Curtis G. Lockett was originally one of the defendants. During the course of pleading, he moved to be dismissed and to allow Center Line to intervene. Apparently, the case was tried as though both were parties. Lockett appeared pro se and for Center Line. No objection to this procedure was made.