T.C. Memo. 2011-71

UNITED STATES TAX COURT

RANDALL A. AND KELLY C. SCHRIMSHER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 945-09.                    Filed March 28, 2011.

<u>William J. Bryant</u> and <u>Gwendolyn Denoux Skinner</u>, for
petitioners.

<u>Robert W. Dillard</u> and <u>Jeffrey S. Luechtefeld</u>, for
respondent.

MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This matter is before us on respondent's
motion for partial summary judgment filed pursuant to Rule 121.[1]

---

[1]All Rule references are to the Tax Court Rules of Practice
(continued...)

Respondent determined deficiencies and penalties with respect to petitioners' Federal income taxes for 2004 through 2006 as follows:

| Year | Deficiency | Penalty Sec. 6662(h)[1] |
|------|-----------|------------------------|
| 2004 | $54,091 | $21,636 |
| 2005 | 60,686 | 24,274 |
| 2006 | 42,253 | 16,901 |

[1]In the notice of deficiency respondent determined that petitioners are liable for the penalties listed above pursuant to sec. 6662(h), which imposes a 40-percent penalty for gross valuation misstatements.  Respondent determined alternatively that petitioners are liable for 20-percent accuracy-related penalties pursuant to sec. 6662(a) for substantial understatements of income tax, valuation misstatements, and negligence or disregard of rules or regulations.  Respondent's motion for partial summary judgment states that if the Court determines that petitioners have an underpayment because they failed to meet the sec. 170 substantiation requirements, rather than because they overvalued the facade easement, the 40-percent penalty under sec. 6662(h) will not apply and that petitioners' penalties under sec. 6662(a) will be $10,818, $12,137, and $8,450 for the years 2004, 2005, and 2006, respectively.  Respondent does not seek summary judgment as to any penalty.

The deficiencies arise largely from respondent's disallowance of deductions that petitioners claimed for a charitable contribution of a facade easement.  In his motion for partial summary judgment respondent contends that the deductions were not properly substantiated under section 170.

---

[1](...continued)
and Procedure, and all section references are to the Internal Revenue Code (Code) for the taxable years at issue.

## Background

The following facts are not in dispute. On December 30, 2004, Randall A. Schrimsher (petitioner) executed a document entitled "Preservation and Conservation Easement Agreement" (the agreement) granting a facade easement to the Alabama Historical Commission (the commission). The facade easement is with respect to property in Huntsville, Alabama, commonly known as the "Times Building". The agreement states in relevant part:

> for and in consideration of the sum of TEN DOLLARS, plus other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor [petitioner] does hereby irrevocably GRANT, BARGAIN, SELL, AND CONVEY unto the Grantee [the commission], its successors and assigns, a preservation and conservation easement to have and hold in perpetuity * * *.

The agreement also includes a clause (the merger clause) stating that "This agreement sets forth the entire agreement of the parties with respect to the Easement and supercedes all prior discussions, negotiations, understanding, or agreements relating to the Easement, all of which are merged herein." The agreement states that in the event of any dispute or question arising in connection with the agreement, the laws and regulations of the State of Alabama shall apply.

On Form 8283, Noncash Charitable Contributions, attached to their 2004 joint Federal income tax return, petitioners listed the appraised fair market value of the facade easement as $705,000. Petitioners' "Appraisal Summary" on the Form 8283

omitted various required items of information; in addition, it was not signed or dated by the donor, the appraiser, or any representative of the donee. Petitioners did not attach to their tax return any written appraisal of the facade easement.

After applying the limitations of section 170(b) for 2004, petitioners deducted $193,180 as a noncash charitable contribution with respect to the facade easement. For 2005 and 2006 they claimed charitable contribution carryover deductions of $206,699 and $120,724, respectively, with respect to the contribution of the facade easement.

In the notice of deficiency respondent disallowed any charitable contribution deduction for the facade easement on the alternative grounds that petitioners had failed to satisfy the section 170 substantiation requirements and had failed to establish the easement's value to be $705,000. Petitioners, residing in Alabama, petitioned this Court.

## Discussion

The Court may grant summary judgment if there is no genuine issue of any material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). As the party seeking partial summary judgment, respondent has the burden of showing that there is no genuine issue as to any

material fact and that a decision may be rendered as a matter of law.  Rule 121(b); see <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (interpreting analogous provisions of rule 56 of the Federal Rules of Civil Procedure); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985).  Respondent need not, however, negate with evidence every allegation made by petitioners; he may carry his burden with a "showing" that there is an absence of evidence to support the nonmoving party's case.  <u>Celotex Corp. v. Catrett</u>, <u>supra</u> at 325.  Once the opposing party presents evidence sufficient to support its claims, we must draw all factual inferences in favor of the opposing party.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

A.   <u>Respondent's Alternative Contentions</u>

Respondent seeks summary judgment that the disputed deductions should be disallowed because petitioners failed to obtain a contemporaneous written acknowledgment of the facade easement from the commission as required by section 170(f)(8). Alternatively, respondent seeks summary judgment that the disputed deductions should be disallowed because petitioners failed to satisfy the requirements of section 170(f)(11) in that they failed to obtain a qualified appraisal and attach it to their Federal income tax return.

B.  Contemporaneous Written Acknowledgment

As a general rule, a charitable contribution of $250 or more must be substantiated with a contemporaneous written acknowledgment from the donee organization.[2]  Sec. 170(f)(8)(A). The contemporaneous written acknowledgment "need not take any particular form.  Thus, for example, acknowledgments may be made by letter, postcard, or computer-generated forms."  H. Conf. Rept. 103-213, at 565 n.32 (1993), 1993-3 C.B. 393, 443.  The contemporaneous written acknowledgment must include this information:

> (i)  The amount of cash and a description (but not value) of any property other than cash contributed.

> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) * * * .

> [Sec. 170(f)(8)(B).]

Petitioners contend that the agreement constitutes a contemporaneous written acknowledgment within the meaning of section 170(f)(8).  Respondent does not dispute that the agreement is an "acknowledgment" or that it was "contemporaneous".  But he contends that the agreement fails section 170(f)(8)(B)(ii) because it does not state whether the

---

[2]As discussed infra, this requirement is subject to exceptions contained in sec. 170(f)(8)(D) and (E).

commission provided any goods or services in consideration for the facade easement.  Respondent acknowledges that the agreement expressly states that the commission provided consideration for the facade easement of "TEN DOLLARS, plus other good and valuable consideration".  Respondent suggests, however, that this language should be disregarded, asserting that it is "typical 'boilerplate'".

Without expressly alluding to the language that respondent has termed boilerplate, petitioners argue that the "clear and unambiguous" merger clause signifies that the agreement was the "entire agreement", and consequently "it is apparent" that no cash or compensation was exchanged between petitioners and the commission.  Thus, petitioners seem to suggest that the consideration recited in the deed ($10 plus other good and valuable consideration) was fictitious.  And indeed it might have been.[3]

---

[3]Over a century ago one court commented upon the apparently durable practice of reciting nominal monetary consideration in deeds:

> The popular idea is that there must be a money consideration expressed in all deeds, to render them valid.  As a general rule, deeds which appear upon their face to be founded upon love and affection and a small money consideration are intended by the parties as gifts, as the money consideration is rarely ever paid or intended to be paid.  While it is well known to the profession that it is not essential to the validity of a deed of gift to express therein a money consideration, still to satisfy the popular belief it

(continued...)

But even if the commission actually provided no consideration for the contribution, the written acknowledgment must say so in order to satisfy the requirement of section

---

[3](...continued)
is the almost universal practice to state a small sum of money as a part of the consideration in such a deed. The learned lawyer who was the immediate predecessor of the present Chief Justice of this court, in drawing a deed of gift which was to be executed by himself, once expressed the consideration of the same to be love and affection and "the fictitious dollar of the law."  He thus yielded to the popular belief and at the same time indicated by the language used that it was not essential to the validity of the deed that it should be founded upon anything else than simply a good consideration.  * * * [Martin v. White, 42 S.E. 279, 282 (Ga. 1902).]

Under Alabama law, to the extent a recitation of indeterminate "valuable" consideration has operative effect, it would appear to relate more to a deed of bargain and sale than to a deed of gift.  As the Alabama Supreme Court explained in Houston v. Blackman, 66 Ala. 559, 561-562 (1880):

In deeds of bargain and sale, the expression of any, the slightest consideration--for instance, a pepper-corn even--will support them, as between the parties. The only use and operation of the expression of a consideration, or the introduction of a clause reciting a consideration, is to prevent a resulting trust to the grantor, and to estop him from denying the making and effect of the deed for the uses therein declared. * * *

One possible effect of reciting "other valuable consideration" in a deed of bargain and sale may be, in the event the transferor's creditors later challenge the transfer, to permit parol evidence as to the existence of adequate pecuniary consideration.  See id.; see also Taylor v. Jones, 232 So. 2d 601, 605 (Ala. 1970) (holding that a deed's stated consideration of "the sum of one dollar and other good and valuable consideration" was sufficient to support conveyances of real property).

170(f)(8)(B)(ii).  See <u>Friedman v. Commissioner</u>, T.C. Memo. 2010-45.  As the legislative history notes:  "If the donee organization provided no goods or services to the taxpayer in consideration of the taxpayer's contribution, the written substantiation is required to include a statement to that effect."  H. Conf. Rept. 103-213, <u>supra</u> at 565 n.30, 1993-3 C.B. at 443.

The only statement in the agreement concerning consideration is the statement that the commission provided consideration of $10 plus other good and valuable consideration.  Whether or not it be considered boilerplate and whether or not it be considered in conjunction with the merger clause, this statement does not indicate that the commission provided <u>no</u> goods or services.  And if the statement be construed literally to mean that the commission provided the stated consideration, then the agreement fails the requirement of section 170(f)(8)(B)(iii) since it does not include a description and good faith estimate of the "other good and valuable consideration".

Consequently, we agree with respondent that the agreement does not satisfy the requirements of section 170(f)(8)(B)(ii) and (iii).  The parties have not addressed whether any statutory exception might render the section 170(f)(8)(A) requirement of a contemporaneous written acknowledgment inapplicable to the transaction in question.  More particularly, section 170(f)(8)(D)

provides that the requirement of a contemporaneous written acknowledgment does not apply if the donee organization files a return, on a form and in the manner regulations may prescribe, that includes the information otherwise required to be included in the contemporaneous written acknowledgment.  In addition, section 170(f)(8)(E) authorizes regulatory exceptions, in appropriate cases, to "some or all" of the requirements of section 170(f)(8).  Pursuant to this authority, the regulations provide that goods and services "are disregarded" for purposes of section 170(f)(8) if they have "insubstantial value" under guidelines provided in Rev. Proc. 90-12, 1990-1 C.B. 471, and Rev. Proc. 92-49, 1992-1 C.B. 987, and any successor documents.[4] Sec. 1.170A-13(f)(8)(i)(A), Income Tax Regs.

Petitioners bear the burden of substantiating their charitable contribution deductions.  See Rule 142(a).[5]  Neither

---

[4]As relevant here, these guidelines generally provide that benefits received in connection with a payment to a charity will be considered to have insubstantial value if these two requirements are met:  (1) The payment must occur in the context of a fundraising campaign in which the charity informs patrons how much of their payment is a deductible contribution; and (2) either (a) the fair market value of all of the benefits received is the lesser of 2 percent of the donor's payment or (for tax years beginning in 2004) $82, or (b) the payment is (for tax years beginning in 2004) $41 or more and the only benefits received are "token items".  Rev. Proc. 90-12, sec. 3.01, 1990-1 C.B. 471, 472; Rev. Proc. 2003-85, sec. 3.22(2), 2003-2 C.B. 1184, 1189.

[5]Petitioners do not contend that the issue of their compliance (or noncompliance) with the sec. 170(f)(8) substantiation requirements constitutes a "new matter" so as to place the burden of proof upon respondent pursuant to Rule

(continued...)

in their petition nor in any other fashion in these proceedings have petitioners raised any issue as to the applicability of any exception to the contemporaneous written acknowledgment requirement of section 170(f)(8). We deem petitioners to have waived any such issue.

C. Conclusion

For the reasons explained above, we conclude and hold that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law disallowing the disputed deductions for petitioners' failure to obtain a contemporaneous written acknowledgment of the facade easement. In the light of this conclusion, it is unnecessary to address respondent's alternative contention that petitioners failed to satisfy the requirements of section 170(f)(11). Accordingly,

An appropriate order will be issued granting respondent's motion for partial summary judgment.

---

[5](...continued) 142(a)(1). In certain circumstances, sec. 7491(a) may operate to shift to the Commissioner the burden of proof with respect to any factual issue relevant to ascertaining the taxpayer's tax liability. As one precondition for shifting the burden of proof, however, the taxpayer must have complied with Code requirements to substantiate any item. Sec. 7491(a)(2)(A). Since the question before us is whether petitioners have complied with the substantiation requirements of sec. 170(f)(8), the burden of proof remains with them as to this issue.