T.C. Memo. 2012-198

UNITED STATES TAX COURT

GAYLE O. AVERYT AND MARGARET F. AVERYT, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 18034-10, 18035-10,     Filed July 16, 2012.
            18036-10, 18037-10.

Paul George Topolka and William Marion Wilcox IV, for petitioners.

Randall L. Eager, Jr. and David M. McCallum, for respondent.

[1]Cases of the following petitioners are consolidated herewith for purposes of trial, briefing, and opinion: William T. Cassels, Jr., and Charlotte R. Cassels, docket No. 18035-10; J. Paul Gaughf and Holly S. Gaughf, docket No. 18036-10; and John H. Lumpkin, Jr., and Emily S. Lumpkin, docket No. 18037-10. We will hereinafter refer to these consolidated cases as the instant case.

## MEMORANDUM OPINION

WELLS, <u>Judge</u>:  The instant case is before the Court on respondent's motion for summary judgment and petitioners' cross-motion for partial summary judgment pursuant to Rule 121.[2]  Respondent determined deficiencies with respect to petitioners as follows:

| Petitioners | 2002 | 2004 | 2005 | 2006 |
|---|---|---|---|---|
| Averyt | --- | $92,774 | $132,404 | $70,143 |
| Cassels | ($96,836) | --- | 384,720 | --- |
| Gaughf | --- | 42,707 | 12,488 | 71,643 |
| Lumpkin | --- | 148,132 | 71,847 | 16,755 |

The issue we must decide is whether petitioners have satisfied the substantiation requirements of section 170(f)(8) with respect to the contribution of a conservation easement through their limited liability company, Cook's Mountain Timber, LLC (CMT).

### Background

The facts set forth below are based upon examination of the pleadings, moving papers, responses, and attachments.  Petitioners were all residents of South Carolina at the time they filed their petitions.

---

[2]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

During all relevant periods, Gayle O. Averyt, William T. Cassels, Jr., J. Paul Gaughf, and John H. Lumpkin, Jr. (petitioner members), were members of CMT.[3] CMT had two other members who are not parties to the instant case. On December 29, 2004, CMT conveyed a conservation easement to Wetlands America Trust, Inc. (WAT), on 1,092.069 acres of land it owned in Richland County, South Carolina. WAT is a tax-exempt organization that was founded in 1985 to expand the mission of Ducks Unlimited, Inc. (DU), to protect wetlands. DU is the sole member of WAT, and WAT operates as a fiduciary for DU and manages its endowments.

The deed by which CMT conveyed the conservation easement to WAT (conservation deed) includes, inter alia, the following statements about the transfer of the conservation easement:

> WHEREAS, Grantor and Grantee recognize the natural, scenic, aesthetic, and special character and opportunity for enhancement of the Protected Property, and have the common purpose of the conservation and protection in perpetuity of the Protected Property as "a relatively natural

---

[3]The unified audit and litigation procedures of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, sec. 401, 96 Stat. at 648, do not apply to CMT because it qualifies as a small partnership under sec. 6231(a)(1)(B)(i) and did not elect pursuant to sec. 6231(a)(1)(B)(ii) to have TEFRA apply. See Wadsworth v. Commissioner, T.C. Memo. 2007-46.

habitat of fish, wildlife or plants or similar ecosystem" as that phrase is used in 26 USC 170(h)(4)(A)(ii) and Section 170(h)(4)(A)(ii) of the Internal Revenue Code of 1986, as amended ("the Code"), and in regulations promulgated thereunder by placing voluntary restrictions upon the use of the Protected Property and by providing for the transfer from the Grantor to the Grantee of affirmative rights for the protection of the Protected Property; and so as to qualify as a contribution of a "qualified conservation contribution" as that term is defined under Section 170(h)(2)(C) of the Code * * *

\* \* \* \* \* \* \*

NOW, THEREFORE, the Grantor, in consideration of the foregoing recitations and of the mutual covenants, terms, conditions and restrictions hereinunder set forth and as an absolute and unconditional gift, subject to all matters of record, does hereby freely give, grant, bargain, donate and convey unto the Grantee, and its successors and assigns, the Easement over the Protected Property subject to the covenants, conditions and restrictions hereinafter set forth which will run with the land and burden the Protected Property in perpetuity.

\* \* \* \* \* \* \*

Entire Agreement.  This instrument sets forth the entire agreement of the parties with respect to the Easement and supercedes all prior discussions, negotiations, understandings, or agreements relating to the Easement, all of which are merged herein. * * *

The conservation deed includes a detailed description of the conservation easement's restrictions, WAT's rights pursuant to the easement, and the rights reserved to CMT.  Additionally, the conservation deed includes a description of the property on which CMT placed the conservation easement.  The conservation deed was executed on various dates during December 2004 by all of the members of

CMT, including petitioner members. The conservation deed was also executed by James West, WAT's assistant secretary. The conservation deed was recorded on December 30, 2004.

During 2004, in addition to the conservation easement contributed to WAT through CMT, petitioner members separately each donated $6,250 in cash to DU.[4] The conservation deed makes no reference to those separate donations.

On February 10, 2005, DU mailed to each petitioner member a letter acknowledging its receipt of the conservation easement and his individual cash contribution of $6,250. Those letters are substantially identical and state, with respect to the contributions:

> On behalf of Ducks Unlimited, I would like to personally thank you for your recent donation of a conservation easement on Cooks [sic] Mountain. We are grateful for the opportunity to protect a vital piece of South Carolina's Lowcountry wildlife habitat through this easement. I would also like to acknowledge your gift of $6,250 to the Ducks Unlimited Lowcountry Initiative Endowment. Per your request, this gift will be recognized as a Life Sponsorship under Mark R. Hoover. I will be sending your son a Life Sponsor pen and pendant from this office. Your gift will enable us to uphold the legal obligation to protect and maintain your conservation easements [sic] in perpetuity.

---

[4]It is unclear whether respondent allowed deductions for the $6,250 cash contributions. In any case, because petitioners did not raise the treatment of those deductions as an error in their petitions, we assume the parties are in agreement on the treatment of the cash contributions, and we will not address that issue herein.

On February 28, 2005, DU mailed petitioner members another letter correcting the letter of February 10, 2005. Those letters stated:

> I want to offer an apology for a recent administrative error. Brett Baker dictated two letters to me on February 10th, both pertaining to recent endowment gifts. The other easement donor had requested that his endowment gift be credited as a Life Sponsorship under his son's name. I mistakenly put that sentence in the wrong letter and my error did not get noticed until we were actually filing the letters.
>
> Please accept my apology for this mistake. The endowment gift associated with Cooks [sic] Mountain will <u>not</u> be recognized as a Life Sponsorship to Mark R. Hoover as your letter had stated.

Aside from the quoted material, none of the letters discussed whether petitioner members received any goods or services in exchange for their contributions.

On or about April 1, 2005, CMT timely filed its 2004 Form 1065, U.S. Return of Partnership Income. On its return, CMT reported charitable contributions of $5,496,000, which was the appraised value of the conservation easement donated to WAT. The value of the conservation easement donation passed through to each of CMT's members, and petitioner members claimed pro rata shares of the deduction on their individual returns, which they filed jointly with their respective spouses, who are also petitioners in the instant case.

Respondent selected petitioners' tax returns for examination and, on May 18 and 19, 2010, issued notices of deficiency to petitioners. On August 11, 2010, petitioners timely filed their petitions in this Court.

Discussion

Rule 121(a) provides that either party may move for summary judgment upon all or any part of the legal issues in controversy. Full or partial summary judgment may be granted only if no genuine issue exists as to any material fact and the issues presented by the motion may be decided as a matter of law. See Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994).

As a general rule, a charitable contribution of $250 or more must be substantiated with a contemporaneous written acknowledgment from the donee organization. Sec. 170(f)(8)(A). The contemporaneous written acknowledgment "'need not take any particular form. Thus, for example, acknowledgments may be made by letter, postcard, or computer-generated forms.'" Schrimsher v. Commissioner, T.C. Memo. 2011-71 (quoting H.R. Conf. Rept. No. 103-213, at 565 n.32 (1993), 1993-3 C.B. 393, 443). Section 170(f)(8)(B) provides that the contemporaneous written acknowledgment must include the following information:

(i) The amount of cash and a description (but not value) of any property other than cash contributed.

(ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

(iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) * * *

Section 170(f)(8)(C) defines a "contemporaneous" acknowledgment as one received on or before the earlier of: (i) the date on which the taxpayer files a return for the year when the contribution was made; or (ii) the due date for that return, including any extensions.

Section 170(f)(8)(D) provides that the requirement of a contemporaneous written acknowledgment does not apply if the donee organization files a return, on a form and in the manner regulations may prescribe, which includes the information described in subparagraph (B). Additionally, section 170(f)(8)(E) authorizes the Commissioner to prescribe appropriate regulatory exceptions to "some or all" of the requirements of section 170(f)(8). Pursuant to that authority, the Commissioner has issued regulations providing that goods and services "are disregarded" for purposes of section 170(f)(8) if they have "insubstantial value" under guidelines provided in Rev. Proc. 90-12, 1990-1 C.B. 471, Rev. Proc. 92-49, 1992-1 C.B. 987, and any successor documents. Sec. 1.170A-13(f)(8)(i)(A), Income Tax Regs. Those

guidelines provide that benefits received in exchange for a payment to a charity will be considered to have insubstantial value if both of the following requirements are satisfied: (1) the payment occurs within the context of a fundraising campaign in which the charity informs patrons how much of their payment is a deductible contribution; and (2) either (a) the fair market value of all of the benefits received is the lesser of 2% of the donor's payment or (for tax years beginning in 2004) $82, or (b) the payment is (for tax years beginning in 2004) $41 or more and the only benefits received are "token items". Rev. Proc. 90-12, sec. 3.01, 1990-1 C.B. at 472; Rev. Proc. 2003-85, sec. 3.22(2), 2003-2 C.B. at 1189.

Section 170(f)(8) provides that no deduction shall be allowed unless the contribution is substantiated in accordance with the terms of that section. Congress enacted the substantiation requirements of section 170(f)(8) because many organizations were failing to inform donors that portions of the amounts donors paid to those organizations were not deductible because they were part of quid pro quo exchanges. See Addis v. Commissioner, 118 T.C. 528, 536 (2002), aff'd, 374 F.3d 881 (9th Cir. 2004); H.R. Rept. No. 103-111, at 783, 785 (1993), 1993-3 C.B. 167, 359, 361. "The deterrence value of section 170(f)(8)'s total denial of a deduction comports with the effective administration of a self-assessment and self-reporting

system." Addis v. Commissioner, 374 F.3d at 887. The doctrine of substantial compliance does not apply to excuse compliance with the substantiation requirements of section 170(f)(8)(B).[5] Durden v. Commissioner, T.C. Memo. 2012-140.

Petitioners contend, inter alia, that the February 10, 2005, letters satisfy the requirements of section 170(f)(8)(B)(ii) and (iii) because they state that DU provided petitioner members' sons with pens and pendants in recognition of petitioner members' gifts. Petitioners further contend that, because the February 10, 2005, letters state that petitioner members' sons received pens and pendants, it would have been untrue for those letters to state that petitioner members received no goods or services in consideration for their contributions. Because the pens and pendants had only nominal value, petitioners contend that pursuant to section 1.170A-13(f)(8)(i)(A), Income Tax Regs., Rev. Proc. 90-12, supra, and Rev. Proc. 92-49, supra, they should be disregarded for purposes of determining whether petitioner members' contributions satisfied section 170(f)(8). Petitioners' contentions regarding the February 10, 2005, letters lack merit.

---

[5]As we noted in Durden v. Commissioner, T.C. Memo. 2012-140, the doctrine of substantial compliance has been applied most often in cases involving procedural regulatory requirements. See, e.g., Bond v. Commissioner, 100 T.C. 32, 41-42 (1993); Consol. Investors Grp. v. Commissioner, T.C. Memo. 2010-158.

Firstly, the parties are in agreement that petitioner members' sons never received pens and pendants and that, as clarified in the February 28, 2005, letters, the portion of the February 10, 2005, letters referring to those items was inaccurate.

Secondly, even if petitioner members' sons had received pens and pendants as stated in the February 10, 2005, letter, the letters do not comply with the requirements of Rev. Proc. 90-12, sec. 2.05, 1990-1 C.B. at 472, which states:

> The Service has determined that a benefit may be so inconsequential or insubstantial that the full amount of a contribution is deductible under section 170 of the Code. Under the following guidelines, charities offering certain small items or other benefits of token value may treat the benefits as having insubstantial value so that they may advise contributors that contributions are fully deductible under section 170.

As explained above, the guidelines in Rev. Proc. 90-12, sec. 3.01(1), require that the payment occur "in the context of a fund-raising campaign in which the charity informs patrons how much of their payment is a deductible contribution". (Emphasis added.) Because the February 10, 2005, letters from DU failed to inform petitioner members how much of each payment was a deductible contribution, even had the payment occurred in the context of a fundraising campaign the letters would fail to satisfy the requirements of Rev. Proc. 90-12, supra. Accordingly, we conclude that the February 10, 2005, letters fail to satisfy the requirements for a

contemporaneous written acknowledgment pursuant to section 170(f)(8) and Rev. Proc. 90-12, supra.

Alternatively, petitioners contend that the conservation deed constitutes a contemporaneous written acknowledgment that complies with the requirements of section 170(f)(8). In Simmons v. Commissioner, T.C. Memo. 2009-208, aff'd, 646 F.3d 6 (D.C. Cir. 2011), we considered a similar argument and held that the deeds in that case satisfied the substantiation requirements of section 170(f)(8).[6] The Court noted that the deeds were signed by a representative of the donee organization, were contemporaneous with the donation, and described the easement donated. Id. Similarly, in the instant case, the conservation deed was signed by a representative from WAT, provided a detailed description of the property and the conservation easement, and was contemporaneous with the contribution. Additionally, the conservation deed in the instant case states that the conservation easement is an unconditional gift, recites no consideration received in exchange for it, and stipulates that the conservation deed constitutes the entire agreement between the parties with respect to the contribution of the conservation easement.

[6]Although the Court in Simmons v. Commissioner, T.C. Memo. 2009-208, aff'd, 646 F.3d 6 (D.C. Cir. 2011), held that the deed satisfied the sec. 170(f)(8) substantiation requirements, it did not specifically address the requirement that the written acknowledgment state whether the donee organizations provided any goods or services.

Accordingly, the conservation deed, taken as a whole, provides that no goods or services were received in exchange for the contribution. Consequently, we conclude that, as in Simmons, the conservation deed in the instant case satisfies the substantiation requirements of section 170(f)(8).

Respondent contends that the instant case is more analogous to Schrimsher v. Commissioner, T.C. Memo. 2011-71, in which the Court held that the taxpayers' contribution of a conservation easement was not deductible because the taxpayers did not receive a contemporaneous written acknowledgment from the donee organization. In Schrimsher, the deed recited as consideration "the sum of TEN DOLLARS, plus other good and valuable consideration". Because that deed included no description and good faith estimate of the value of the "other good and valuable consideration", the Court concluded that it failed to satisfy section 170(f)(8)(B)(ii) and (iii). However, we conclude that the instant case is distinguishable from Schrimsher because the conservation deed in the instant case states that the contribution of the conservation easement is made "in consideration of the foregoing recitations and of the mutual covenants, terms, conditions, and restrictions hereinunder set forth", which include recitations of the property's conservation value but include no consideration of any value besides the preservation of the property, states that the easement is an "absolute and

unconditional gift", and provides that the conservation deed constitutes the entire agreement between the parties regarding the contribution of the conservation easement. Accordingly, we reject respondent's argument.

Respondent also contends that the Court's holdings in two recent cases, Friedman v. Commissioner, T.C. Memo. 2010-45, and Hollingsworth v. Commissioner, T.C. Memo. 2010-262, are incompatible with petitioners' contention that the conservation deed may serve as a contemporaneous written acknowledgment. We disagree. Neither of those cases considered the question of whether a deed could serve as a contemporaneous written acknowledgment. Respondent emphasizes that both Friedman and Hollingsworth reiterate the necessity that the contemporaneous written acknowledgment state whether any consideration was received by the donors in exchange for the contribution. However, as we explained above, the conservation deed in the instant case states that the contribution was made as a gift and not for any consideration. Additionally, we note that Durden v. Commissioner, T.C. Memo. 2012-140, does not support respondent's contention. Although we held in that case that the statute requires an "affirmative statement" regarding whether the donee organization provided any goods or services, we did not hold, and the statute does not require, that the statement take any particular form or contain any particular wording. We conclude

that none of the cases[7] cited by respondent is incompatible with our holding in Simmons or with our holding in the instant case that a deed may serve as a contemporaneous written acknowledgment in accordance with section 170(f)(8) so long as it satisfies the requirements of the statute.  Accordingly, we hold that petitioners have satisfied the requirements of section 170(f)(8) with respect to their donation of the conservation easement.

On the basis of the foregoing, we conclude that petitioners are entitled to partial summary judgment on the issue of whether they properly substantiated their contribution of a conservation easement to WAT with a contemporaneous written acknowledgment in accordance with section 170(f)(8).  With respect to all other issues, we conclude that there are disputed issues of material fact that cannot be decided on motions for summary judgment.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

---

[7]Respondent also cites Kendrix v. Commissioner, T.C. Memo. 2006-9, Castleton v. Commissioner, T.C. Memo. 2005-58, aff'd, 188 Fed. Appx. 561 (9th Cir. 2006), Hill v. Commissioner, T.C. Memo. 2004-156, and Stussy v. Commissioner, T.C. Memo. 2003-232.  However, none of those cases supports respondent's position.

To reflect the foregoing,

An appropriate order will be

issued.