T.C. Memo. 2016-53

UNITED STATES TAX COURT

BAYNE FRENCH AND CHRISTINE FRENCH, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11715-13.                    Filed March 23, 2016.

<u>Ross P. Keogh</u> and <u>William E. McCarthy</u>, for petitioners.

<u>Inga C. Plucinski-Holbrook</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  In a notice of deficiency the Internal Revenue Service
(IRS or respondent) determined deficiencies in petitioners' 2006, 2007, and 2008
Federal income tax of $11,168, $14,882, and $3,176, respectively, arising from
petitioners' claimed carryover charitable contribution deductions.  The claimed
charitable contribution deductions are related to a 2005 conveyance to the

[*2] Montana Land Reliance (MLR) of a conservation easement on undeveloped rural land in Montana. The issues for decision are: (1) whether petitioners complied with the contemporaneous written acknowledgment requirement of section 170(f)(8);[1] (2) whether petitioners had an ownership interest in the property; and (3) whether petitioners properly valued the conservation easement. Because we hold that petitioners did not comply with the strict substantiation requirements of section 170(f)(8)(B) and are therefore not entitled to the claimed carryover charitable contribution deductions, we need not and do not decide whether petitioners had an ownership interest in the property or whether petitioners properly valued the conservation easement.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and facts drawn from stipulated exhibits are incorporated herein by this reference. Petitioners resided in Montana when they petitioned this Court.

Petitioners assert, and we will assume for purposes of this case, that the following facts regarding the formation and existence of certain trusts are true.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3]  Petitioner Bayne French's parents, Davy and Priscilla French, formed in 1993 the Davy A. French and Priscilla A. French Trust (French Trust) and served as trustees.  Between 1978 and 1999 Davy and Priscilla French and the French Trust acquired four contiguous but separate parcels (property at issue).  Davy and Priscilla French, either individually or as trustees of the French Trust, transferred various interests in the property at issue to petitioner Bayne French, his sister Monette French Lembke, and the Monette R. French and Bayne A. French Trust (MBF Trust).  Petitioner Bayne French and Monette French Lembke subsequently transferred their individual interests in the property at issue to the MBF Trust.

On December 29, 2005, Davy A. French and Priscilla A. French, as trustees of the French Trust and as trustees of the Camren K. Lembke Trust,[2] and Monette French Lembke and Bayne A. French, as trustees of the MBF Trust, granted a conservation easement on the property at issue to the MLR.[3]  The conservation easement was memorialized in a deed of conservation easement (conservation deed) signed by the trustees of the three trusts and a representative of the MLR.

---

[2]Respondent questions whether the French Trust and the Camren K. Lembke Trust exist.  Whether the trusts exist is immaterial to the Court's analysis but provides useful context for the parties' arguments.

[3]The parties stipulated that the MLR is a "qualified organization" for purposes of sec. 170(h)(1)(B) and is tax-exempt under sec. 501(c)(3).

**[*4]** The conservation deed contained covenants intended to preserve the "rural, agricultural and natural scenic qualities of the area by the retention of significant open space for a variety of uses including wildlife habitat, recreation, forest management, and agricultural purposes".[4] The conservation deed stated that the consideration for the conservation easement was the mutual covenants in the deed. The conservation deed stated nothing about the nature or extent of the ownership interest that each of the trusts had in the property at issue, if any. Nor did it state whether the MLR had provided goods or services in return for the conservation easement or whether the conservation deed constituted the entire agreement between the three trusts and the MLR.

Davy French hired an appraiser to prepare a report estimating the cash value of the conservation easement. On March 3, 2006, the appraiser issued a report that valued the entire conservation easement at $1.1 million. Petitioners valued Bayne French's proportional share of the conservation easement at $350,971.

Petitioners timely filed their joint Federal income tax return for the 2005 taxable year on a Form 1040, U.S. Individual Income Tax Return, without claiming a charitable contribution deduction for the conservation easement. On or

---

[4]The parties do not dispute that the conservation easement was "exclusively for conservation purposes", as required by sec. 170(h)(1)(C).

[*5] before April 15, 2006, petitioners amended their 2005 return on a Form 1040X, Amended U.S. Individual Income Tax Return, and claimed a charitable contribution deduction of $56,796. On a Form 8283, Noncash Charitable Contributions, attached to the amended 2005 return, petitioners reported that they had contributed a conservation easement in 2005, and Bayne French's proportional share of the conservation easement was valued at $350,971. After petitioners had filed their 2005 amended return, an MLR representative stated in a letter to Davy French and Priscilla French dated June 6, 2006, that "no goods or services were furnished in respect of your easement donation."

Petitioners timely filed their 2006-08 joint Federal income tax returns. Petitioners claimed for 2006-08 carryover charitable contribution deductions with respect to the conservation easement of $44,687, $57,154, and $31,572, respectively.

Respondent examined petitioners' joint Federal income tax returns for the 2006-08 taxable years, and respondent's appraiser valued the entire conservation easement at $432,000.[5] On February 28, 2013, respondent issued a notice of deficiency to petitioners disallowing the carryover charitable contribution

---

[5]Petitioners' appraiser valued the entire conservation easement granted by the donor group at $1.1 million. See supra p. 4.

[*6] deductions because petitioners had failed to prove that they had an ownership interest in the property at issue, had failed to obtain a contemporaneous written acknowledgment that complied with the substantiation requirements of section 170(f)(8), and had failed to prove the value of the conservation easement. Petitioners timely petitioned this Court.

OPINION

I.      The Presumption of Correctness and the Burden of Proof

Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is improper.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, if a taxpayer produces credible evidence[6] with respect to any factual issue relevant to ascertaining the taxpayer's liability for any tax imposed by subtitle A or B of the Code and satisfies the requirements of section 7491(a)(2), the burden of proof on any such issue shifts to the Commissioner.  Sec. 7491(a)(1).  Section 7491(a)(2) requires a taxpayer to demonstrate that he or she (1) complied with the requirements under the Code to substantiate any item, (2)

---

[6]"Credible evidence is the quality of evidence which, after critical analysis, the court would find sufficient upon which to base a decision on the issue if no contrary evidence were submitted (without regard to the judicial presumption of IRS correctness)."  Higbee v. Commissioner, 116 T.C. 438, 442 (2001) (quoting H.R. Conf. Rept. No. 105-599, at 240-241 (1998), 1998-3 C.B. 747, 994-995).

[*7] maintained all records required under the Code, and (3) cooperated with reasonable requests by the Secretary[7] for witnesses, information, documents, meetings, and interviews. See also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). Although petitioners argue that the burden of proof should shift to respondent, they have not proven that they meet the requirements of section 7491(a) or established their compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Petitioners therefore bear the burden of proof.

II.     Contemporaneous Written Acknowledgment

Section 170(f)(8)(A) provides that no deduction shall be allowed for charitable contributions of $250 or more unless the contribution is substantiated with a contemporaneous written acknowledgment from the donee organization.[8] The contemporaneous written acknowledgment "need not take any particular form", see Schrimsher v. Commissioner, T.C. Memo. 2011-71, slip op. at 6 (quoting H.R. Conf. Rept. No. 103-213, at 565 n.32 (1993), 1993-3 C.B. 393,

---

[7]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

[8]Sec. 170(f)(8)(D) provides an exception to the contemporaneous written acknowledgment requirement. Petitioners did not assert that this exception applies.

**[*8]** 443), but it must meet the requirements of section 170(f)(8)(B).  The doctrine

of substantial compliance does not apply to excuse compliance with the strict

substantiation requirements of section 170(f)(8)(B).  Averyt v. Commissioner,

T.C. Memo. 2012-198, slip op. at 10.  If a taxpayer fails to meet the strict

substantiation requirements of section 170(f)(8), the entire deduction is

disallowed.  See sec. 170(f)(8)(A); Addis v. Commissioner, 374 F.3d 881, 887

(9th Cir. 2004) ("The deterrence value of section 170(f)(8)'s total denial of a

deduction comports with the effective administration of a self-assessment and self-

reporting system."), aff'g 118 T.C. 528 (2002).

Section 170(f)(8)(B) provides that a contemporaneous written

acknowledgment must include:

> (i) The amount of cash and a description (but not value) of any property other than cash contributed.

> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) * * *.

A written acknowledgment is contemporaneous if the taxpayer obtains the

acknowledgment on or before the earlier of the date the return was filed or the due

date (including extensions) for filing the return for the year in which the charitable

**[*9]** contribution was made.  <u>See</u> sec. 170(f)(8)(C).  It follows that petitioners had to obtain a written acknowledgment contemporaneous with their 2005 return because they made the charitable contribution in 2005.[9]

Petitioners have two written acknowledgments that may satisfy the requirements of section 170(f)(8)(B).  The first is the conservation deed recorded on December 29, 2005.  The second is the letter from an MLR representative to Davy and Priscilla French dated June 6, 2006.  Petitioners filed their 2005 amended return on or before April 15, 2006.  The letter is therefore not contemporaneous with petitioners' 2005 return and cannot satisfy the substantiation requirements.  <u>See</u> sec. 170(f)(8)(C).  Because the conservation deed is the only written acknowledgment that is contemporaneous with petitioners' 2005 return, we must decide whether the conservation deed complies with the strict substantiation requirements of section 170(f)(8)(B).

Section 170(f)(8)(B)(ii) requires that a contemporaneous written acknowledgment state whether the donee organization provided goods or services

---

[9]Although 2005 is not one of the years at issue, the Court may consider facts relating to tax years that are not otherwise within the Court's jurisdiction where necessary to correctly redetermine the amount of the tax deficiency for the years at issue.  <u>See</u> sec. 6214(b).

**[\*10]** in exchange for the donor's charitable contribution. The parties dispute whether the conservation deed can satisfy this requirement.

We have held that a deed of conservation easement may satisfy the substantiation requirements of section 170(f)(8), including subparagraph (B)(ii). See, e.g., Averyt v. Commissioner, T.C. Memo. 2012-198; Simmons v. Commissioner, T.C. Memo. 2009-208, aff'd, 646 F.3d 6 (D.C. Cir. 2011). Generally, to satisfy the requirement of section 170(f)(8)(B)(ii), the deed must contain a statement about whether the donee provided goods or services for the contribution. Schrimsher v. Commissioner, slip. op. at 8-9. When a deed does not contain an explicit statement, this Court has looked to the deed as a whole to determine whether the donee provided goods or services. See RP Golf, LLC v. Commissioner, T.C. Memo. 2012-282, at \*10-\*11; Averyt v. Commissioner, slip op. at 12-13.

In both Averyt and RP Golf, LLC the taxpayers claimed charitable contribution deductions for conservation easements and relied on the deeds to substantiate the deductions. RP Golf, LLC v. Commissioner, at \*8; Averyt v. Commissioner, slip op. at 12. Neither deed stated whether the donee organization provided any goods or services in exchange for the charitable contribution. RP Golf, LLC v. Commissioner, at \*10-\*11; Averyt v. Commissioner, slip op. at 12.

[*11] However, in <u>Averyt</u> the deed stated that the conservation easement was granted for the purpose of conservation and that the deed was the entire agreement of the parties. See <u>Averyt v. Commissioner</u>, slip op. at 4, 12. Moreover, in <u>RP Golf, LLC v. Commissioner</u>, at *10, the deed stated that the conservation easement was made "in consideration of the covenants and representations contained herein and for other good and valuable consideration"; but the deed did not include any consideration of any value other than the preservation of the property. Additionally, similar to the deed in <u>Averyt</u>, the deed in <u>RP Golf, LLC v. Commissioner</u>, at *10-*11, stated that it was the entire agreement of the parties. In the light of these facts the Court in <u>Averyt</u> and <u>RP Golf, LLC</u> held that the taxpayers had substantiated their charitable contributions because the deeds "taken as a whole" proved compliance with section 170(f)(8)(B)(ii). <u>RP Golf, LLC v. Commissioner</u>, at *10-*11; <u>Averyt v. Commissioner</u>, slip op. at 12-13.[10]

The above analysis demonstrates that when a deed of conservation easement does not explicitly state whether the donee provided goods or services in exchange for the charitable contribution, the deed taken as a whole must prove compliance

[10]Although in <u>RP Golf, LLC v. Commissioner</u>, T.C. Memo. 2012-282, the Court held that the taxpayers had complied with the requirements of sec. 170(f)(8)(B), the parties proceeded to trial on other issues, and that case is pending before the Court. See <u>RP Golf, LLC v. Commissioner</u>, T.C. Dkt. No. 27873-08 (filed Nov. 19, 2008).

[*12] with section 170(f)(8)(B)(ii).  RP Golf, LLC v. Commissioner, at *10-*11; Averyt v. Commissioner, slip op. at 12-13.  As described in Averyt and RP Golf, LLC, factors that support compliance are that the deed recites no consideration other than the preservation of the property and that the deed contains a provision stating that the deed is the entire agreement of the parties.  See RP Golf, LLC v. Commissioner, at *10-*11; Averyt v. Commissioner, slip op. at 12-13.  This information allows the IRS to conclude that a taxpayer correctly reported his or her charitable contribution and that the taxpayer did not receive any consideration for the contribution.  See Durden v. Commissioner, T.C. Memo. 2012-140, slip op. at 6-8 (noting that a statement about whether goods or services were provided for a charitable contribution is necessary to determining the amount of the deduction).

In the instant case, the conservation deed did not state whether the donee provided goods or services in exchange for the charitable contribution.  Therefore we must analyze whether the deed taken as a whole shows compliance with section 170(f)(8)(B)(ii).

Although the conservation deed includes provisions stating that the intent of the parties is to preserve the property, those provisions do not confirm that the preservation of the property was the only consideration because the deed did not include a provision stating that it is the entire agreement of the parties.  Without

**[*13]** such a provision, the IRS could not have determined by reviewing the conservation deed whether petitioners received consideration in exchange for the contribution of the conservation easement. We conclude, therefore, that the conservation deed taken as a whole is insufficient to satisfy section 170(f)(8)(B)(ii). Because petitioners' contemporaneous written acknowledgment does not comply with section 170(f)(8)(B)(ii), petitioners are not entitled to any claimed carryover charitable contribution deductions, see sec. 170(f)(8)(A), and respondent's determination is sustained.

We have considered the parties' remaining arguments, and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.