T.C. Memo. 2017-164

UNITED STATES TAX COURT

310 RETAIL, LLC, ZELLER-310, LLC,
TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22838-14.                    Filed August 24, 2017.

Jeffrey H. Paravano, Jay R. Nanavati, Michelle M. Hervey, and Kevin M.

Johnson, for petitioner.

Keith Lawrence Gorman and Philip S. Yarberough, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  This case involves a charitable contribution deduction

claimed by 310 Retail, LLC (LLC), for a conservation easement.  Currently before

the Court are cross-motions for partial summary judgment as to whether LLC sat-

**[\*2]** isfied the substantiation requirements in section 170(f)(8) for this gift.[1] LLC did not receive from the donee organization a timely letter of the sort that normally acts as a "contemporaneous written acknowledgment" (CWA) within the meaning of section 170(f)(8)(B). Petitioner contends that LLC nevertheless satisfied the statutory substantiation requirements and points to three documents by which it allegedly did so.

Relying on section 170(f)(8)(D), petitioner initially cited two Forms 990, Return of Organization Exempt From Income Tax, filed by the donee charity six years after the gift was made. On these forms the donee included certain information required by section 170(f)(8)(B), including an averment that no goods or services were provided in exchange for the gift. However, the parties filed their motions for partial summary judgment before this Court issued its Opinion in 15 W. 17th St., LLC v. Commissioner, 147 T.C. __ (Dec. 22, 2016). Petitioner acknowledges that, under that Opinion, tax returns subsequently filed by the donee organization do not relieve the donor of the obligation to have secured a CWA that meets the statutory requirements.

---

[1]All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

**[\*3]**   The third document on which petitioner relies is the deed of easement that the donee executed contemporaneously with the gift.  We have previously held that a deed of easement may constitute a de facto CWA.  See <u>RP Golf, LLC v. Commissioner</u>, T.C. Memo. 2012-282, 104 T.C.M. (CCH) 413; <u>Averyt v. Commissioner</u>, T.C. Memo. 2012-198, 104 T.C.M. (CCH) 65.  We conclude that the deed of easement in this case qualifies as a CWA under the logic of these cases.  We will accordingly grant petitioner's motion for partial summary judgment and deny respondent's cross-motion.

<u>Background</u>

There is no dispute as to the following facts, which are drawn from the parties' summary judgment papers and the attached exhibits.  When the petition was filed LLC had its principal place of business in Illinois.

Sometime before 2006 LLC acquired a property at 310 South Michigan Avenue in Chicago.  The property includes the Metropolitan Tower, originally known as the Strauss Building (building), designed by the architectural firm of Graham, Anderson, Probst and White and completed in 1924.  In 2005 LLC began renovating the building, converting it from commercial office use into a residential complex.

**[*4]** On December 30, 2005, LLC executed a preservation deed of easement (deed of easement) granting the Landmarks Preservation Council of Illinois (LPCI) an easement over the facade of the building. LPCI is an organization described in section 501(c)(3) and is a "qualified organization" under section 170(h)(3). LPCI caused the deed of easement to be recorded by the Cook County Recorder of Deeds on December 30, 2005.

The deed of easement recited that "the subject matter of this conveyance is a perpetual donation to charity which can no longer be transferred, hypothecated or subjected to liens or encumbrances by Grantor." The granting provision stated as follows:

> NOW, THEREFORE, in consideration of One Dollar ($1.00) and the mutual covenants and terms, conditions, and restrictions hereinafter set forth and other good and valuable consideration, receipt of which is hereby acknowledged, * * * [LLC] hereby does grant, give, convey, bargain and sell unto * * * [LPCI], its successors and assigns, irrevocably forever, a Preservation Easement, in perpetuity, in and to the aforesaid Premises, for the purposes of Preserving the Protected Elements and accomplishing the other objectives set forth herein.

The deed of easement provided that LPCI would monitor LLC's compliance with the easement restrictions and authorized LPCI to inspect the premises to ensure compliance. But it contained no reference to any goods or services being furnished by LPCI to LLC and recited no receipt by LPCI of any consideration for

[*5] providing goods or services. The parties explicitly stated their understanding that "[t]his instrument, including the exhibits attached hereto, reflects the entire agreement of Grantor and Grantee" and that "[a]ny prior or simultaneous correspondence, understandings, agreements, and representations are null and void upon execution hereof unless set out in this instrument."

LLC secured an appraisal dated December 30, 2005, that determined a value of approximately $26.7 million for the facade easement. LLC timely filed for 2005 a Form 1065, U.S. Return of Partnership Income, claiming a $26.7 million charitable contribution deduction. LLC attached to its return a Form 8283, Noncash Charitable Contributions, executed by the appraiser and by LPCI's president. This document contained no statement as to whether LPCI had provided any goods or services to LLC in exchange for LLC's gift.

On July 30, 2009, more than three years after the gift was made, LPCI supplied LLC with a letter stating that "no goods or services have been provided to you in consideration of your prior donation." This letter recited LPCI's belief that it had "acknowledged this donation with a receipt letter" at the time of the gift. But LPCI could not find a copy of such a letter in its files.

The Internal Revenue Service (IRS or respondent) selected LLC's 2005 return for examination. In November 2009 the IRS sent LLC a summary report

[*6] explaining that it proposed to disallow the claimed charitable contribution deduction for the facade easement. In August 2012, almost three years later, LPCI filed an amended Form 990 for its fiscal year ending (FYE) June 30, 2006. This amended return referred to the facade easement and stated that no goods or services had been furnished to the donor in exchange for that gift. The return was unsigned and did not identify LLC as the donor.

On June 30, 2014, the IRS issued LLC a notice of final partnership administrative adjustment (FPAA). It disallowed the claimed charitable contribution deduction in full for failure to satisfy the requirements in section 170. Alternatively, the FPAA determined that, if any deduction were allowable, the fair market value of the easement was $1.6 million rather than $26.7 million. The FPAA also determined a 40% "gross valuation misstatement" penalty under section 6662(a) and (h) or, in the alternative, a 20% accuracy-related penalty under section 6662(a).

In September 2014 petitioner timely petitioned this Court for readjustment of the partnership items under section 6226. Three months later LPCI filed a Form 990 for its FYE 2014. This return referred to the 2005 facade easement, identified LLC as the donor, and stated that no goods or services had been furnished to LLC in exchange for that gift.

**[*7]**                                            Discussion

The purpose of summary judgment is to expedite litigation and avoid costly, unnecessary, and time-consuming trials.  See FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001).  We may grant partial summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law.  Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002).  The parties agree on all questions of basic fact and have expressed that consensus by filing cross-motions for partial summary judgment.  We conclude that the question presented is appropriate for summary adjudication.

A.     Statutory and Regulatory Framework

Section 170(a)(1) allows a deduction for charitable contributions made during the taxable year.  Generally, the amount of the deduction is the value of the property contributed reduced by the value of any consideration that the taxpayer receives in exchange for the gift.  Addis v. Commissioner, 118 T.C. 528, 536 (2002), aff'd, 374 F.3d 881 (9th Cir. 2004).  Payments to a charity that are "made partly as a contribution and partly in consideration for goods or services provided to the donor by the donee" are often called "quid pro quo contributions."  Ibid.

To address tax-compliance problems that had arisen in connection with quid pro quo contributions, Congress in 1993 enacted section 170(f)(8), captioned

**[*8]** "Substantiation requirement for certain contributions."  Congress enacted this provision "to require charitable organizations that receive quid pro quo contributions * * * to inform their donors that the deduction under section 170 is limited to the amount by which the payment exceeds the value of goods or services provided by the charity."  Addis, 118 T.C. at 536.  Section 170(f)(8) is "a compliance provision designed to foster disclosure of 'dual payment' or quid pro quo contributions."  Viralam v. Commissioner, 136 T.C. 151, 171 (2011).

Section 170(f)(8)(A) provides:  "No deduction shall be allowed * * * for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)."  The requirement that a CWA be obtained for charitable contributions of $250 or more is a strict one.  In the absence of a CWA meeting the statute's demands, "[n]o deduction shall be allowed."  Id.; see French v. Commissioner, T.C. Memo. 2016-53, 111 T.C.M. (CCH) 1241, 1242 ("If a taxpayer fails to meet the strict substantiation requirements of section 170(f)(8), the entire deduction is disallowed.").  "The doctrine of substantial compliance does not apply to excuse failure to obtain a CWA meeting the statutory requirements."  15 W. 17th St., LLC, 147 T.C. at __ (slip op. at 10) (citing French, 111 T.C.M. (CCH) at 1242).  "The deterrence value of

**[\*9]** section 170(f)(8)'s total denial of a deduction comports with the effective administration of a self-assessment and self-reporting system." Addis, 374 F.3d at 887.

Section 170(f)(8)(B) provides that a donee acknowledgment will satisfy the statutory substantiation requirements "if it includes the following information":

> (i) The amount of cash and a description (but not value) of any property other than cash contributed.

> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).

> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) * * *.

An acknowledgment qualifies as "contemporaneous" only if the donee provides it to the taxpayer on or before the earlier of "the date on which the taxpayer files a return for the taxable year in which the contribution was made" or "the due date (including extensions) for filing such return." Sec. 170(f)(8)(C)(i) and (ii).

B.   Analysis

LLC did not receive from LPCI a CWA of the sort that charities typically furnish their donors. The Form 8283 executed by LPCI's president was contemporaneous, but it did not include information as to whether LPCI had supplied LLC with any goods or services in exchange for its gift. The letter that LPCI

**[*10]** supplied in July 2009 included the latter information, but it was not "contemporaneous" because it postdated the facade easement by more than three years.

Lacking such documentation, LLC initially relied on section 170(f)(8)(D), which provides that the CWA requirement in subparagraph (A) "shall not apply to a contribution if the donee organization files a return, on such form and in accordance with such regulations as the Secretary may prescribe, which includes the information described in subparagraph (B) with respect to the contribution."

In 2012 LPCI filed an amended Form 990 for FYE 2006 that disclosed the facade easement and stated that no goods or services were provided in exchange therefor. This amended return was unsigned and did not identify LLC as the donor. In December 2014 LPCI filed a Form 990 for FYE 2014 that identified LLC as the donor and included the same statement. LLC contends that by virtue of LPCI's filing of these returns--six years or more after the gift was made--it was relieved by section 170(f)(8)(D) of the obligation to secure a CWA.

We rejected essentially the same argument in 15 W. 17th St., LLC, and we reject it again here. Section 170(f)(8)(D) applies only if the donee reports the necessary information on a return filed "on such form and in accordance with such regulations as the Secretary may prescribe." The Secretary has declined thus far to

[*11] issue regulations implementing a donee reporting regime under subparagraph (D) as a supplement to the CWA regime that Congress enacted in subparagraph (A).  We held in 15 W. 17th St., LLC, 147 T.C. at __ (slip op. at 42-51), that subparagraph (D) embodies a discretionary delegation of rulemaking authority and that the statute is not self-executing in the absence of such regulations.  The requirement that LLC secure a CWA for its 2005 gift thus remained in full force and effect, notwithstanding LPCI's subsequent filing of a return reporting the information described in subparagraph (B).

In the alternative, petitioner contends that LLC did in fact receive a CWA and that the deed of easement constituted that CWA.  Section 170(f)(8)(B) provides that a donee acknowledgment will satisfy the statutory substantiation requirement if it "includes the following information."  One item of information that must be included is "[w]hether the donee organization provided any goods or services in consideration, in whole or in part" for the gift.  Sec. 170(f)(8)(B)(ii).

A CWA need not take any particular form and may be furnished to the donor (for example) by letter, postcard, or computer-generated media.  French, 111 T.C.M. (CCH) at 1242; Schrimsher v. Commissioner, T.C. Memo. 2011-71, 101 T.C.M. (CCH) 1329, 1330 (citing legislative history).  Whatever form the acknowledgment takes, however, it must include an affirmative indication that the

**[\*12]** donee has provided no goods or services to the donor, if that is the case. The conference report accompanying the statute's enactment indicated: "If the donee organization provided no goods or services to the taxpayer * * * , the written substantiation is required to include a statement to that effect." H.R. Conf. Rept. No. 103-213, at 565 n.30 (1993), 1993-3 C.B. 393, 443. Our case law is consistent with the legislative history. See, e.g., 15 W. 17th St., LLC, 147 T.C. at __ (slip op. at 17); Villareale v. Commissioner, T.C. Memo. 2013-74, 105 T.C.M. (CCH) 1464, 1465; Durden v. Commissioner, T.C. Memo. 2012-140, 103 T.C.M. (CCH) 1762, 1764; Castleton v. Commissioner, T.C. Memo. 2005-58, 89 T.C.M. (CCH) 930, 934, aff'd, 188 F. App'x 561 (9th Cir. 2006).

In several prior cases involving conservation easements, we have considered whether a deed of easement qualified as a CWA. In Simmons v. Commissioner, T.C. Memo. 2009-208, 98 T.C.M. (CCH) 211, 215, aff'd, 646 F.3d 6 (D.C. Cir. 2011), another facade easement case, we held that a deed of easement may constitute a CWA provided that it is properly executed by the donee and is "contemporaneous." But in that case we did not examine the text of the deed of easement or consider the contents of its granting provision. Nor did we address the statutory requirement that a CWA provide information as to "[w]hether the donee

[*13] organization provided any goods or services in consideration" for the gift. Sec. 170(f)(8)(B); see Simmons, 98 T.C.M. (CCH) at 215.

In subsequent cases we have considered in greater detail what features a deed of easement must display in order to qualify as a CWA. In Schrimsher, 101 T.C.M. (CCH) at 1329, the granting provision stated that the donor conveyed a perpetual conservation easement "for and in consideration of the sum of TEN DOLLARS, plus other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged." Ruling on respondent's motion for partial summary judgment, we held that the deed of easement as thus drafted did not qualify as a CWA. Id. at 1331.

We recognized that the phrase "in consideration of the sum of TEN DOLLARS, plus other good and valuable consideration" might be regarded as boilerplate, reflecting an unfortunate (if centuries-old) habit of lawyers to state a "peppercorn" of consideration even in contracts for the conveyance of a charitable gift. See id. at 1331 & n.3; Edmund Polubinski Jr., "The Peppercorn Theory and the Restatement of Contracts," 10 Wm. & Mary L. Rev. 201 (1968). But even if this phrase were disregarded and the donee in fact furnished no consideration, we ruled that "the written acknowledgment must say so in order to satisfy the requirement of section 170(f)(8)(B)(ii)." Schrimsher, 101 T.C.M. (CCH) at 1331. We held

[*14] that the deed of easement did not qualify as a CWA because, even if the "peppercorn clause" were deemed boilerplate, "this statement does not indicate that the * * * [donee] provided <u>no</u> goods or services." <u>Ibid.</u> (emphasis in original).

We reached the opposite result in <u>Averyt</u>. The granting provision there stated that the donor conveyed a perpetual conservation easement "in considera-tion * * * of the mutual covenants, terms, conditions and restrictions hereinunder set forth and as an absolute and unconditional gift, subject to all matters of re-cord." <u>Averyt</u>, 104 T.C.M. (CCH) at 66. The deed of easement did not include an explicit averment that the donee had provided no goods or services to the donor in exchange for the easement. However, it included a merger clause stating: "This instrument sets forth the entire agreement of the parties with respect to the Ease-ment and supercedes all prior discussions, negotiations, understandings, or agree-ments relating to the Easement, all of which are merged herein." <u>Ibid.</u>

Ruling on cross-motions for summary judgment, we held that the deed of easement as thus drafted qualified as a CWA. As in <u>Simmons</u>, the deed was prop-erly executed by the donee and was "contemporaneous." Moreover, the deed stated that "the conservation easement is an unconditional gift, recite[d] no con-sideration received in exchange for it, and stipulate[d] that the conservation deed

**[*15]** constitute[d] the entire agreement between the parties with respect to the contribution." Averyt, 104 T.C.M. (CCH) at 68.

By stipulating that the deed of easement constituted the parties' "entire agreement," the merger clause negated the provision or receipt of any consideration not stated in that document. We concluded that the merger clause, read in conjunction with other statements in the deed of easement, supplied the affirmative indication required by section 170(f)(8)(B). We accordingly held that the deed of easement, "taken as a whole, provides that no goods or services were received in exchange for the contribution." Ibid.

We followed Averyt in RP Golf, LLC. The granting provision stated that the donor conveyed a perpetual conservation easement "for and in consideration of the covenants and representations contained herein and for other good and valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged." RP Golf, LLC, 104 T.C.M. (CCH) at 414. The deed also included a merger clause substantially identical to that in Averyt, providing: "This instrument sets forth the entire agreement of the parties with respect to the Easement and supersedes all prior discussions, negotiations, understanding, or agreements relating to the Easement, all of which are merged herein." Ibid.

**[\*16]** Ruling on a motion for summary judgment, we held in <u>RP Golf, LLC</u>, that the deed of easement as thus drafted qualified as a CWA. As in <u>Simmons</u> the deed was properly executed by the donee and was "contemporaneous." <u>RP Golf, LLC</u>, 104 T.C.M. (CCH) at 416. As in <u>Averyt</u> the deed "d[id] not include consideration of any value other than the preservation of the property." <u>Ibid.</u> And as in <u>Averyt</u> the deed stated that it "constitute[d] the entire agreement between the parties regarding the contribution." <u>Ibid.</u> In light of other provisions in the deed, we concluded that the granting provision's recitation of the receipt of "other good and valuable consideration" was "boilerplate language and has no legal effect for purposes of sec. 170(f)(8)." <u>Id.</u> at 416 n.7. We thus concluded, as in <u>Averyt</u>, that the deed of easement, "taken as a whole, states that no goods or services were received in exchange for the contribution." <u>Id.</u> at 416.

The deed of easement in the instant case is similar in all material respects to the deed in <u>RP Golf, LLC</u>, and we reach here the same result we reached there. The deed of easement was properly executed by LPCI's president and recorded by the Cook County Recorder of Deeds on December 30, 2005. It thus constituted a "contemporaneous" acknowledgment. <u>See</u> sec. 170(f)(8)(C).

This acknowledgment included an affirmative indication that LPCI supplied no goods or services to LLC in exchange for its gift. The deed explicitly stated

**[\*17]** that it represented the parties' "entire agreement" and that "[a]ny prior or simultaneous correspondence, understandings, agreements, and representations are null and void upon execution hereof unless set out in this instrument." It thus negated the provision or receipt of any consideration not stated therein.

Apart from the charitable conveyance and the covenants attending the easement, the only "consideration" mentioned in the deed of easement is the granting provision's reference to "consideration of One Dollar ($1.00) * * * and other good and valuable consideration." Neither party contends that LPCI actually furnished LLC with any valuable goods or services in exchange for its gift. Evaluating this clause in the context of the deed overall, we conclude that this clause constitutes "boilerplate language and has no legal effect for purposes of sec. 170(f)(8)." See RP Golf, LLC, 104 T.C.M. (CCH) at 416 n.7.[2] Taken as a whole, therefore, the deed of easement includes the required affirmative indication that LPCI supplied LLC with no goods or services in exchange for its contribution. Because the deed of easement satisfied this and all other requirements in section 170(f)(8)(B), it constituted a CWA sufficient to substantiate LLC's gift.

---

[2]We find no legally significant distinction between the boilerplate of the granting provision in the instant case (which recited receipt of "One Dollar ($1.00) and * * * other good and valuable consideration") and in RP Golf, LLC (which recited receipt of "other good and valuable consideration" without mentioning a nominal dollar amount).

[*18] To reflect the foregoing,

An appropriate order will be issued

granting petitioner's motion for partial

summary judgment and denying

respondent's cross-motion for partial

summary judgment.
