# United States Tax Court

T.C. Memo. 2022-53

MARTHA L. ALBRECHT,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 13314-20.                    Filed May 25, 2022.

————

*Gregory W. MacNabb*, for petitioner.

*Alicia E. Elliott*, for respondent.

## MEMORANDUM OPINION

GREAVES, *Judge*: Section 170[1] permits taxpayers to deduct charitable contributions made during a taxable year, provided certain substantiation requirements are satisfied. The issue for decision is whether petitioner satisfied the requirements of section 170(f)(8)(B) for a charitable contribution she made during 2014 (year at issue).[2] For the reasons set forth below, we resolve this issue in favor of respondent.

———————————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C. (Code), in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties submitted a Stipulation of Settled Issues whereby petitioner conceded a failure to report a taxable refund of state income taxes of $363 for the year at issue.

[*2]                                    *Background*

The parties submitted this case for decision without trial under Rule 122. Relevant facts have been stipulated or otherwise included in the record. *See* Rule 122(a). Petitioner resided in New Mexico when she filed the Petition.

Petitioner and her late husband acquired a large collection of Native American jewelry and artifacts during their marriage. On or around December 19, 2014, petitioner donated approximately 120 items from this collection (donation) to the Wheelwright Museum of the American Indian (Wheelwright Museum). In connection with the donation the Wheelwright Museum and petitioner executed a "Deed of Gift" (deed) dated December 19, 2014, that consisted of five pages. The first page stated that petitioner "hereby donates the material described below to the Wheelwright Museum of the American Indian under the terms stated in the Conditions Governing Gifts to the Wheelwright Museum of the American Indian." Immediately under this clause was the heading "Description of Material: See Attached List." The first page also included the museum's logo, petitioner's address, and her donor identification number, as well as the signatures of petitioner and a museum official.

The second page of the deed was titled "Conditions Governing Gifts to the Wheelwright Museum of the American Indian" and specified conditions governing gifts to the museum. One of these conditions stipulated in relevant part that "the donation is unconditional and irrevocable; that all rights, titles and interests held by the donor in the property are included in the donation, unless otherwise stated in the Gift Agreement." The final three pages of the deed listed items of donated property. Despite "the Gift Agreement" reference on the second page of the deed, no such agreement was included with the deed, and the Wheelwright Museum did not provide petitioner with any further written documentation concerning the donation.

Petitioner electronically filed Form 1040, U.S. Individual Income Tax Return, for the year at issue in which she reported the donation on Schedule A, Itemized Deductions, and attached a copy of the deed to the return. Following an examination of petitioner's 2014 return, respondent timely issued petitioner a notice of deficiency disallowing the donation on the ground that the requirements of section 170 were not met. Petitioner timely sought review in this Court.

**[*3]** *Discussion*

I.     *Burden of Proof*

In general the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error.[3] Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). In addition, the taxpayer bears the burden of proving entitlement to any deduction claimed. *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992). Thus, a taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is provided for by statute and must maintain records sufficient to enable the Commissioner to determine the correct tax liability. *See* § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); Treas. Reg. § 1.6001-1(a).

II.     *Charitable Contributions*

A taxpayer may deduct charitable contributions made during the taxable year. § 170(a)(1). Such deductions are allowable only if the taxpayer satisfies specific statutory and regulatory substantiation requirements. *See id.*; Treas. Reg. § 1.170A-13. For any contribution of $250 or more, section 170(f)(8)(A) requires that the taxpayer obtain from the donee organization, and maintain in his files, a "contemporaneous written acknowledgement" (CWA). The CWA must include (i) the amount of cash and a description (but not value) of any property other than cash contributed; (ii) whether the donee organization provided any goods or services in consideration, in whole or in part, for any such property; and (iii) a description and good faith estimate of the value of any such goods or services. § 170(f)(8)(B); *15 W. 17th St. LLC v. Commissioner*, 147 T.C. 557, 563 (2016); Treas. Reg. § 1.170A-13(f)(2). Furthermore, the taxpayer must receive the CWA from the donee organization on or before the earlier of the date the taxpayer files his return or the due date for filing such return. Sec. 170(f)(8)(C).

A CWA is not required to take any particular form but the requirement that a CWA be obtained "is a strict one." *15 W. 17th St. LLC*, 147 T.C. at 562; *see also Izen v. Commissioner*, 148 T.C. 71, 78

---

[3] The burden of proof may shift from the taxpayer to the Commissioner in certain circumstances under section 7491(a), but petitioner does not allege, nor does the evidence suggest, that the burden of proof should shift to respondent under section 7491(a) as to any issue of fact.

**[\*4]** (2017) (noting that a deed of gift can serve as a de facto CWA).  A taxpayer may not deduct the contribution if the donation acknowledgment fails to meet these strict demands.  *See 15 W. 17th St. LLC*, 147 T.C. at 562 (emphasizing that the doctrine of substantial compliance does not apply for purposes of section 170(f)(8)); *see also Addis v. Commissioner*, 374 F.3d 881, 887 (9th Cir. 2004) ("The deterrence value of . . . [a] total denial of a deduction [in the case of an improper CWA] comports with the effective administration of a self-assessment and self-reporting system."), *aff'g* 118 T.C. 528 (2002).

The parties do not dispute that petitioner received the deed from the Wheelwright Museum before filing her return; however, respondent contends that the deed does not comply with section 170(f)(8)(B) on the grounds that it did not specify whether the Wheelwright Museum provided any goods or services in return for the donation or state that it represented the entire agreement between the museum and petitioner.  Specifically, respondent points out the reference in the deed to the "Gift Agreement" as creating ambiguity as to whether additional terms, including donee provision of goods or services, were part of the donation.

The deed does not state whether the Wheelwright Museum provided any goods or services with respect to the donation.  Where a deed does not contain such an explicit statement, we have previously looked to the deed as a whole to determine whether the donee provided goods or services in return for the donation.  *See, e.g., French v. Commissioner*, T.C. Memo. 2016-53, at \*10–12; *RP Golf, LLC v. Commissioner*, T.C. Memo. 2012-282, at \*10–11; *Averyt v. Commissioner*, T.C. Memo. 2012-198, slip op. at 12–13.  Specifically, we have considered whether the deed (i) effectively states whether any goods or services were provided in the exchange; (ii) states the donation is an unconditional gift; (iii) recites no consideration received in the exchange; and (iv) contains a provision stating that the deed is the entire agreement of the parties.  *See French*, T.C. Memo. 2016-53, at \*10–12; *RP Golf, LLC*, T.C. Memo. 2012-282, at \*10–11; *Averyt*, T.C. Memo. 2012-198, slip op. at 12–13.

Although the deed in this case provides that the donation was "unconditional and irrevocable," it continues that "all rights, titles and interests held by the donor in the property are included in the donation, *unless otherwise stated in the Gift Agreement*." (Emphasis added.)  Thus, the terms of the deed were subject to a separate agreement, but the

**[\*5]** Wheelwright Museum did not provide petitioner with this document before the return was filed.[4]

Petitioner contends that the Gift Agreement is irrelevant to the issue of whether the Wheelwright Museum provided goods or services in exchange for the donation because the sole purpose of the Gift Agreement was to describe the extent to which petitioner retained certain rights, titles, or interests in the donation. Petitioner also insists that the Wheelwright Museum's failure to provide her with a Gift Agreement "indicates the presumption that all [of] [p]etitioner's right[s], title[s] and interest[s] in the donated property [are] included in the donation." We do not find these arguments persuasive when construing the plain text of the deed. By referencing another document that superseded the terms of the deed with respect to the donor's rights in the donation, the deed provided the donor with the ability to retain an interest in the donation, including under a potential quid pro quo arrangement.

Petitioner cited no authority for the proposition that a separate agreement referenced in a deed but unattached thereto creates a presumption that the deed alone satisfies section 170(f)(8). We are unwilling to create such a rule, especially when the deed did not indicate it constituted the entire agreement of the parties or that any prior discussions, negotiations, or understandings between them were merged into the deed. When looking exclusively at the deed and considering it as a whole, it leaves open a significant question about whether the parties had entered into a side agreement that included additional, superseding terms. *See French*, T.C. Memo. 2016-53, at \*10–12 (refusing to uphold as a CWA a deed that, when analyzed as a whole, did not represent the entire agreement between the donee and donor).

We appreciate what appears to have been a good faith attempt by petitioner to substantially comply with the Code by executing the deed with the Wheelwright Museum. Substantial compliance, unfortunately for petitioner, does not satisfy the strict requirements of section 170(f)(8)(B). *See 15 W. 17th St. LLC*, 147 T.C. at 562. Thus, for the reasons given above, petitioner is not entitled to a charitable

---

[4] The fact that the parties now agree that the Wheelwright Museum did not provide any consideration as part of the donation is of no consequence. In assessing whether a taxpayer has strictly complied with section 170(f)(8), the focus is exclusively on what the taxpayer obtained from the donee organization at the earlier of the time the return was filed or the filing due date, as discussed *supra*.

**[\*6]** contribution dedution with respect to the donation as the deed does not satisfy these requirements.

To reflect the foregoing,

*Decision will be entered under Rule 155.*